Christopher J. Archibald, CA Bar No. 253075
Christopher.Archibald@ogletree.com
Alis M. Moon, CA Bar No. 293897
alis.moon@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:   714.800.7900
Facsimile:    714.754.1298

Attorneys for Defendant
RYZE CLAIM SOLUTIONS, LLC, formerly known as
EAGLE ADJUSTING SERVICES, INC.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LESLIE BILLINGS, an individual<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>RYZE CLAIM SOLUTIONS, LLC, formerly known as EAGLE ADJUSTING SERVICES, INC., an Indiana Limited Liability Company; and DOES 1 THROUGH 10, inclusive<br><br>　　　　　Defendants. | Case No.<br><br>**DEFENDANT RYZE CLAIM SOLUTIONS, LLC'S NOTICE OF REMOVAL**<br><br>**[FEDERAL QUESTION JURISDICTION]** |

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441, and 1446, Defendant RYZE CLAIM SOLUTIONS, LLC ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California for the County of Kern to the United States District Court for the Eastern District of California on the following grounds.

## I.
## PROCEDURAL BACKGROUND

1. On August 22, 2017, Plaintiff commenced an action against Defendant in the Superior Court of the State of California for the County of Kern, entitled "LESLIE BILLINGS, an individual, Plaintiff vs. RYZE CLAIM SOLUTIONS, LLC formerly known as EAGLE ADJUSTING SERVICES, INC., an Indiana Limited Liability Company; and DOES 1 THROUGH 10, inclusive, Defendants," Case No. BCV-17-101949.

2. On October 20, 2017, Plaintiff filed a First Amended Class Action Complaint ("FAC").

3. The FAC is the operative complaint. It alleges claims for Violation of Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 and 207. In addition, the FAC asserts the following claims against Defendant: (1) Failure to Pay Minimum Wage; (2) Failure to Pay All Premium Wages; (3) Failure to Provide Meal Breaks; (4) Failure to Provide Rest Breaks; (5) Failure to Pay All Wages Due at Separation; (6) Failure to Reimburse Business Expenses; (7) Wage Theft and Unlawful Deductions; and (8) Unfair Competition. The FLSA claims are alleged on behalf of a putative nationwide class.

4. On November 2, 2017, Plaintiff served Defendant's agent for service of process, CT Corporation System, with the following documents: Summons;

Complaint; First Amended Complaint; and Civil Case Cover Sheet, true and correct copies of which are attached hereto as "**Exhibit A**." (Declaration of John Devoe ("Devoe Decl."), ¶¶ 3-4). A true and correct copy of the Service of Process Transmittal Notice is attached hereto as "**Exhibit B**." (*Id*. at ¶ 4).

5. On November 30, 2017, Defendant timely served and filed its Answer to Plaintiff's First Amended Complaint in the Superior Court for the County of Kern. A true and correct copy of Defendant's Answer to Plaintiff's First Amended Complaint is attached hereto as "**Exhibit C**."

## II.

## REMOVAL IS TIMELY

6. A defendant in a civil action has thirty (30) days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…"). If the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 26.

7. Here, removal is timely. (Devoe Decl., ¶¶ 3-4). Defendant is filing this Notice of Removal within thirty (30) days of when service on Defendant was completed. Plaintiff served Defendant on November 2, 2017. (*See* Exhibit B; Devoe Decl., ¶ 4). The thirtieth day after November 2, 2017 is December 2, 2017, a Saturday. Therefore, Defendant timely filed this Notice of Removal by Monday, December 4, 2017.

## III.

## THIS ACTION IS PROPERLY REMOVABLE ON THE BASIS OF FEDERAL-QUESTION JURISDICTION

8. This action is one over which this Court has original jurisdiction under

28 U.S.C. § 1331, and is one that may be removed by Defendant pursuant to 28 U.S.C. §§ 1441 and 1446, in that it arises under the laws of the United States.

9. In the FAC, ***Plaintiff asserts claims against Defendant under the FLSA***. Through his ninth and tenth causes of action – which Plaintiff asserts on behalf of himself and a ***nationwide putative collective class*** – Plaintiff alleges that Defendant violated the FLSA by failing to pay minimum and overtime wages for all hours worked as a result of allegedly misclassifying Plaintiff and the putative collective class as exempt employees. (*See* FAC, ¶¶ 167-184).

10. In asserting claims against Defendant for violations of the FLSA, the FAC itself presents questions of federal law. *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003) (FLSA actions are removable to federal court); *Hernandez v. Martinez,* No. 12–CV–06133–LHK, 2014 WL 3962647, at *3 (N.D. Cal. Aug. 13, 2014). ("a FLSA cause of action raises a federal question"). Plaintiff's FLSA claims are therefore removable to this Court based on federal-question jurisdiction. *See* 28 U.S.C. § 1331; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

11. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over state law claims that form part of the same case or controversy under Article III. State and federal claims form part of the same constitutional "case" when they "derive from a common nucleus of operative fact" and are such that "considered without regard to their federal or state character ... [plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). This Court has supplemental jurisdiction over Plaintiff's state law claims as they arise out of and are related to the same underlying allegations on which Plaintiff bases his ninth and tenth causes of action for failure to pay minimum and overtime wages pursuant to the FLSA and

Plaintiff would ordinarily be expected to try them all in one judicial proceeding. In other words, Plaintiff's FLSA and state law claims are both premised upon his allegation that Defendant misclassified him as an exempt employee. Federal courts in California have held that supplemental jurisdiction exists over state wage-and-hour claims of the type alleged here where federal question jurisdiction is based on FLSA claims. *See Swamy v. Title Source, Inc.*, No. C 17-01175 WHA, 2017 WL 3021042 (N.D. Cal. July 17, 2017) (supplemental jurisdiction exists over plaintiff's state law wage statement and reimbursement claims because, as with his FLSA claims, they arise out of defendant's conduct towards plaintiff in his capacity as an employee). The Ninth Circuit and district courts even exercise supplemental jurisdiction over state discrimination claims when a FLSA claim is alleged. *Mpoyo v. Litton Electronic Optical Systems*, 430 F.3d 985, 987 (9th Cir. 2005) (an employee's Title VII claims, alleging racial discrimination by his former employer, and his FLSA claim, seeking unpaid overtime from the same employer, shared a common nucleus of facts because "both sets of [plaintiff's] claims ar[ose] from [employer's] conduct while [plaintiff] was an employee" and because the Title VII and FLSA claims "form[ed] a convenient trial unit that disclose[d] a cohesive narrative."); *see also Escriba v. Foster Poultry Farms*, No. 1:09-CV-1878 OWW MJS, 2011 WL 4565857, at *1, *9 (E.D. Cal. Sept. 29, 2011), *aff'd sub nom. Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236 (9th Cir. 2014) ("The complaint in this action alleges federal question jurisdiction under 28 U.S.C. § 1331 [based on the FMLA]. . . . Here, supplemental jurisdiction exists over Plaintiff's Cal. Labor Code claim for unpaid wages."). If supplemental jurisdiction exists over state discrimination claims when a FLSA claim is alleged, it certainly exists over state wage-hour claims. Therefore, this Court has supplemental jurisdiction over the state law claims alleged in Plaintiff's FAC, which are so related to the claims over which this Court has original jurisdiction under 28 U.S.C. § 1331 that they form part of the same case or controversy under Article III of the United States Constitution . *See* 28

32109398_1.docx

U.S.C. § 1367(a).  Accordingly, the Court may exercise supplemental jurisdiction over Plaintiff's remaining claims, making the entire action removable to this Court based on federal-question jurisdiction.

## IV.

## DEFENDANT HAS SATISFIED THE REMAINING REMOVAL REQUIREMENTS

12. In accordance with 28 U.S.C. §1446(a), this Notice of Removal is filed in the district in which the action is pending.  The Kern County Superior Court is located within the Eastern District of California.  Therefore, without prejudice to Defendant's right to move to transfer venue, for purposes of removal, venue is proper in this court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

13. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant are attached as exhibits to this Notice. (*See* Ex. A; Devoe Decl., ¶ 4).

14. In accordance with 28 U.S.C. §1446(d), a copy of this Notice is being served upon counsel for Plaintiff, and a notice will be filed with the Clerk of the Superior Court of California for the County of Kern.  Notice of Compliance shall be filed promptly afterwards with this Court.

15. Further, in accordance with Federal Rule of Civil Procedure 7.1 Defendant concurrently files its Disclosure Statement.

16. Finally, in the event this Court has any question regarding the propriety of this Notice of Removal, Defendant requests that the Court issue an Order to Show Cause so that Defendant may have an opportunity to more fully brief the basis for this removal and address the Court's question.

# V.

# **CONCLUSION**

For the foregoing reasons, Defendant hereby removes the above-entitled action to United States District Court for the Eastern District of California.

DATED:  December 1, 2017          OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: /s/ Christopher J. Archibald
Christopher J. Archibald
Alis M. Moon

Attorneys for Defendant
RYZE CLAIM SOLUTIONS, LLC, formerly known as EAGLE ADJUSTING SERVICES, INC.

# PROOF OF SERVICE

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

On December 1, 2017, I served the following document(s):

**DEFENDANT RYZE CLAIM SOLUTIONS, LLC'S NOTICE OF REMOVAL**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ **(Federal)** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on December 1, 2017, at Costa Mesa, California.

_____
Lan H. Ly

32109398_1.docx

NOTICE OF REMOVAL

## SERVICE LIST

| | |
|---|---|
| David P. Myers<br>Ann Hendrix<br>Jason Hatcher<br>THE MYERS LAW GROUP, APC<br>9327 Fairway View Place, Suite 100<br>Rancho Cucamonga, CA  91730<br>Telephone:  909-919-2027<br>Facsimile:  888-375-2102 | Attorneys for Plaintiff<br>LESLIE BILLINGS |

32109398.1