# EXHIBIT A

SUM-100

1:40p

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PLEASE SEE ATTACHMENT

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LESLIE BILLINGS, an individual

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
8/22/2017 12:09 PM
Kern County Superior Court
**Terry McNally**
By Geena Taylor, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Kern County Superior Court | **CASE NUMBER** *(Número del Caso)*: BCV-17-101949 |

Metropolitan Division

1415 Truxtun Avenue, Bakersfield, CA. 93301

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David P. Myers, The Myers Law Group, 9327 Fairway View Place, Ste. 100, Rancho Cucamonga, CA 91730

| DATE: 8/22/2017 *(Fecha)* | **TERRY MCNALLY** | Clerk, by *(Secretario)* /s/ Geena Taylor | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☒ as the person sued under the fictitious name of *(specify):*
   Ryze Claim Solutions, LLC
3. ☒ on behalf of *(specify):*
   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 11-02-17

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*
American LegalNet, Inc.
*www.FormsWorkflow.com*

Page 1 of 1

SUM-200(A)

| SHORT TITLE: | CASE NUMBER |
|---|---|
| BILLINGS V. RYZE CLAIM SOLUTIONS, LLC | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

RYZE CLAIM SOLUTIONS, LLC formerly known as EAGLE ADJUSTING SERVICES, INC., an Indiana Limited Liability Company; and DOES 1 THROUGH 10, inclusive

Page ___1___ of ___1___

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

ELECTRONICALLY FILED
8/22/2017 12:09 PM
Kern County Superior Court
Terry McNally
By Geena Taylor, Deputy

1  David P. Myers (SBN 206137)
2  Ann Hendrix (SBN 258285)
   Jason Hatcher (SBN 285481)
3  **THE MYERS LAW GROUP, A.P.C.**
   9327 Fairway View Place, Suite 100
4  Rancho Cucamonga, CA 91730
   Telephone: 909-919-2027
5  Facsimile:  888-375-2102

6
   Attorneys for LESLIE BILLINGS
7
8               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                              **COUNTY OF KERN**

10 | LESLIE BILLINGS, an individual,                    | Case No.  BCV-17-101949
11 |                                                     |
   |                 Plaintiff,                          | **COMPLAINT FOR DAMAGES**
12 |                                                     |
   |                    v.                               | 1.  **Failure to Pay Minimum Wage**
13 |                                                     | 2.  **Failure to Pay All Premium Wages**
   | RYZE CLAIM SOLUTIONS, LLC formerly                  | 3.  **Failure to Provide Meal Breaks**
14 | known as EAGLE ADJUSTING SERVICES,                  | 4.  **Failure to Provide Rest Breaks**
   | INC., an Indiana Limited Liability Company;         | 5.  **Failure to Pay all Wages Due at**
15 | and DOES 1 THROUGH 10, inclusive                    |     **Separation**
   |                                                     | 6.  **Failure to Reimburse Business**
16 |                 Defendants.                         |     **Expenses**
   |                                                     | 7.  **Wage Theft and Unlawful Deductions**
17 |                                                     | 8.  **Unfair Competition**
   |                                                     | 9.  **Failure to Furnish Accurate Wage**
18 |                                                     |     **Statements**
19 |                                                     |
   |                                                     | **DEMAND FOR JURY TRIAL**
20
21
22
23
24
25
26
27
28

                                   1
                      **COMPLAINT FOR DAMAGES**

I.    **INTRODUCTION**

This is an action brought by Plaintiff LESLIE BILLINGS ("Plaintiff") against RYZE CLAIM SOLUTIONS, LLC fka EAGLE ADJUSTING SERVICES, INC. ("Ryze") and other as of yet unnamed Defendants (collectively "Defendants") alleging, among other things, violations of the California Labor Code and Unfair Competition Law.  Plaintiff seeks damages, attorneys' fees and costs of suit.

II.    **GENERAL ALLEGATIONS**

1.    This Court is the proper court and this action is properly filed in the County of Kern as Plaintiff was employed and conducted business on Defendants' behalf in Kern County and throughout California.

2.    Plaintiff is a resident of the County of Kern and the State of California.

3.    Plaintiff is informed and believes, and thereon alleges that Defendant RYZE CLAIM SOLUTIONS, LLC fka EAGLE ADJUSTING SERVICES, INC. is a limited liability company of the State of Indiana doing business in the County of Kern and throughout the State of California.

4.    Ryze is a comprehensive claims services company that provides residential and commercial property adjusting services throughout the United States.  Ryze offers general adjusters and executive general adjusters who handle losses of all sizes along with complex claim assignments, including but not limited to: daily property, catastrophic, flood, third party administration/claims administration, casualty, reinspections, audits, and appraisal services.

5.    Ryze was Plaintiff's employer under the meaning of the California Labor Code, common law, and the applicable IWC Wage Orders at all relevant times.

6.    The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 10 are unknown to Plaintiff, who therefore sues the DOE Defendants by fictitious names.  Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained.

7.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, and/or are attributable to, all Defendants, each

**2**
**COMPLAINT FOR DAMAGES**

1  acting as agents and/or employees, and/or under the direction and control of each of the other

2  Defendants, and that said acts and failures to act were within the course and scope of said

3  agency, employment and/or direction and control. Plaintiff is informed and believes, and thereon

4  alleges, that at all times material hereto Defendants were and are the agents of each other.

5       8.    Defendants personally profited by misclassifying Plaintiff as a salaried exempt

6  employee and thereby keeping wages that were owed to Plaintiff under California's wage and

7  hour laws, and Defendants obtained an unfair competitive advantage over law-abiding businesses

8  by not paying Plaintiff according to the legal minimum standards.

9       9.    Plaintiff is informed and believes, and thereon alleges, that Defendant DOES 1

10  through 10 are the partners, owners, shareholders, predecessor in interest, successor in interest,

11  or managers of Defendant Employer, and were acting on behalf of Defendant Employer in the

12  payment of wages to Plaintiff. Defendants are collectively referred to as "Defendant" hereafter.

13      **III.**    **FACTS COMMON TO MORE THAN ONE CAUSE OF ACTION**

14       10.    Plaintiff LESLIE BILLINGS ("Plaintiff") worked for RYZE CLAIM

15  SOLUTIONS, LLC fka EAGLE ADJUSTING SERVICES, INC., as a traveling claims adjuster

16  working out of his home office in Bakersfield, California, from approximately 2009 to July 10,

17  2016.

18       11.    In his position as a Claims Adjuster, while employed by Defendant, Plaintiff

19  primarily engaged in non-exempt tasks. Plaintiff's duties included, but were not limited to,

20  extensive driving to customer locations, making and receiving customer phone calls, gathering

21  measurements and recorded statements, providing measurements and statements to underwriting,

22  and gathering prior loss reports. Plaintiff's duties were largely administrative tasks that entailed

23  filling out and submitting forms for managerial approval, as well as generating invoices, and

24  taking photographs.

25       12.    Plaintiff did not approve files nor issue payments and upon direction provides

26  requested information, including obtaining additional information upon request. Plaintiff did not

27  negotiate fee structures. All of Plaintiff's forms were submitted for a review process. After

28  reviewed. Plaintiff would be instructed to specifically obtain further information, have the forms

1   rejected or approved.

2       13.    Plaintiff's driving territory ranged from a 150-mile radius of Bakersfield to an

3   approximately 300-400-mile radius of Bakersfield.

4       14.    During Plaintiff's employment with Defendant, Plaintiff was permitted, required

5   and/or suffered to worked in excess of eight (8) hours in a day and/or forty (40) hours in a week

6   without receiving all earned overtime and double time pay for all overtime and double time

7   hours worked.

8       15.    During Plaintiff's employment with Defendant, Plaintiff was permitted, required

9   and/or suffered to worked seven (7) consecutive days in a pay week without receiving 7th day

10  premium pay.

11      16.    Throughout the relevant time period, Defendant failed to pay Plaintiff one-and-

12  one-half times his regular rate of pay for hours worked in excess of eight hours per day or forty

13  hours per workweek or for the first eight hours of work on the seventh consecutive day worked

14  in a workweek. Defendant also failed to pay Plaintiff at a rate no less than twice the regular rate

15  of pay for work in excess of twelve hours in one day or for all hours worked in excess of eight

16  hours on the seventh consecutive day in a workweek.

17      17.    On information and belief, Defendant does not properly calculate the regular rate

18  of pay for overtime, double time, and 7th consecutive day premiums, including but not limited to

19  failing to include Plaintiff's commission bonuses the calculation of the regular rate of pay.

20  Plaintiff received production based commission bonuses. On information and belief, these

21  commission bonuses were non-discretionary and were not included in the regular rate of pay for

22  calculating overtime, double time, and/or seventh consecutive day premium pay.

23      18.    During the relevant time period, Defendant failed to pay Plaintiff for all hours

24  worked. Thus, Defendant did not pay Plaintiff minimum wages, in accordance with the law, and

25  without exemption.

26      19.    On information and belief, Defendant failed to pay the full amount of earned

27  overtime, double time, and/or seventh consecutive day premium pay, as earned for hours

28

**4**
**COMPLAINT FOR DAMAGES**

1 | worked, without exemption.

2 |     20.     Throughout the relevant time period, Plaintiff was suffered and/or permitted to
3 | work without compensation, including but not limited to being required to travel to appointments
4 | without compensation. Defendant failed to pay Plaintiff for all hours worked.

5 |     21.     Plaintiff was not provided a thirty (30) minute uninterrupted meal period for every
6 | five (5) hours worked, without exemption. Further, Plaintiff was not provided a second thirty
7 | (30) minute uninterrupted meal period for shifts lasting longer than ten (10) hours worked,
8 | without exemption.

9 |     22.     Plaintiff was not provided paid ten (10) minute rest periods for every four (4)
10 | hours worked, or major fraction thereof.

11 |     23.     Defendant did not provide one addition hour of premium pay at the regular rate of
12 | pay for each missed meal period per day (to a maximum of one per day) or one separate
13 | additional hour of premium pay at the regular rate of pay for each missed or unpaid rest period
14 | per day (to a maximum of one per day).

15 |     24.     Wage statements provided by Defendant failed to provide accurate information as
16 | to the hourly rate for all hours worked, the net wages earned, and/or the gross wages earned per
17 | pay period. On information and belief, Plaintiff in informed and believes, and thereon alleges
18 | that such information could not be obtained from looking at the wage order only and that a
19 | reasonable person would need to look at another document(s) in order to determine the same.

20 |     25.     Defendant improperly passed business expenditures and losses to Plaintiff by
21 | requiring Plaintiff to pay such expenses, including but not limited to, automobile expenses,
22 | digital camera expenses, and mileage reimbursement.

23 |     26.     Defendant improperly and without written authorization made deductions to
24 | Plaintiff's wages.

25 |     27.     Plaintiff is informed, believes and alleges that Defendant's policy and practice
26 | was to pay Plaintiff his earned commission and then debit Plaintiff a percentage of his earned
27 | commission to offset Defendant's wage obligations. Plaintiff never expressly authorized, in
28 | writing, for Defendants to make these deductions.

28. Defendant failed to timely pay all earned wages due to Plaintiff upon his voluntary termination. Defendants failed to pay all wages owed and earned by Plaintiff during every pay period.

29. The underpayment of wages to Plaintiff is a consequence of Defendant's unlawful, unfair, and/or fraudulent policies and practices which were centrally devised, implemented, communicated, and applied to Plaintiff.

30. Because of Defendant's unlawful, unfair, and/or fraudulent conduct, Plaintiff has been and continues to be systematically deprived of earned wages to which he is entitled by law and equity, and deprived of other benefits provided by the Labor Code and applicable IWC Wage Orders, to the detriment of himself, his family, and the public at large.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGES**

**Violation of Labor Code §§510, 1194, 1194.2, & 1197**

(Against all Defendants)

31. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 30 of this Complaint.

32. Labor Code §1197 provides: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

33. Labor Code §1194 provides: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

34. Labor Code §1194.2 provides: In any action under Section 98, 1193.6, 1194, or 1197.1 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated

6

COMPLAINT FOR DAMAGES

1    damages in an amount equal to the wages unlawfully unpaid and interest thereon."

2        35.    Pursuant to IWC Wage Order No. 4-2001 ("WO 4-01"), "Hours worked" "means

3    the time during which an employee is subject to the control of an employer, and includes all the

4    time the employee is suffered or permitted to work, whether or not required to do so."

5        36.    Pursuant to §4 of IWC Wage Order No. 4-2001, and the IWC California

6    Minimum Wage Order (MW-2014), Plaintiff was entitled to receive not less than $8.00/hour for

7    all hours worked since January 1, 2008, and not less than $9.00/hour for all hours worked since

8    July 1, 2014, and not less than $10.00/hour for all hours worked since January 1, 2016.

9        37.    Under the provisions of WO 4-01 and MW-2014, Plaintiff should have received

10   not less than the minimum wage for every hour worked.

11       38.    Defendant systematically, routinely, and willfully failed to pay Plaintiff regular

12   and minimum wages for all hours he was permitted and/or suffered to work.

13       39.    Defendant's failure to pay minimum wages resulted from the following acts and

14   omissions: their failure to compensate Plaintiff at a rate equivalent to minimum wage for such

15   time including but not limited to completing work off-the-clock.

16       40.    For all hours that Plaintiff worked, he is entitled to and seeks not less than the

17   California minimum wage and, pursuant to Labor Code §1194.2(a) liquidated damages in an

18   amount equal to the unpaid minimum wages and interest thereon. Pursuant to Labor Code §1194,

19   Plaintiff is entitled to attorneys' fees and costs and interest according to proof.

20       41.    As a direct result of Defendant's unlawful acts, Plaintiff suffered, and continues

21   to suffer, substantial damages in an amount to be proven at trial, and is entitled to all appropriate

22   legal remedies provided by the California Labor Code and IWC Wage Orders, including unpaid

23   wages, liquidated damages, interest, attorneys' fees, and costs of suit.

24   ///

25   ///

26   ///

27   ///

28

---

**7**
**COMPLAINT FOR DAMAGES**

## SECOND CAUSE OF ACTION

### FAILURE TO PAY PREMIUM WAGES

### Violation of Labor Code §§510, 1194

### (Against All Defendants)

42.     Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 30 of this Complaint.

43.     Labor Code §510 mandates: "Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work." The California overtime requirement and wage requirement are non-waivable rights pursuant to LC §219.

44.     Section 3(a)(1) of WO 4-01 mandates that employers pay one and one-half times their employees' regular rate of pay for employees who work more than eight hours in a day or forty hours in a week and two times their regular rate of pay for any work in excess of twelve hours in one day.

45.     Labor Code §1194(a) states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

46.     Pursuant to Labor Code §§218 and 1194(a), Plaintiff may bring a civil action for overtime wages directly against the employer without first filing a claim with the Division of

1  Labor Standards Enforcement ("DLSE") and may recover such wages, together with interest

2  thereon, penalties, attorneys' fees and costs.  Further, pursuant to Labor Code §1198, it is

3  unlawful to employ person for longer than the hours set by the IWC or under conditions

4  prohibited by the applicable IWC Wage Orders. WO 4-01, as amended, applies to Plaintiff.

5       47.     Labor Code §551 provides that every person employed in any occupation of labor

6  is entitled to one day's rest therefrom in seven.

7       48.     WO 4-01 section 3(F) states, "An employee may be employed on seven (7)

8  workdays in a workweek when the total hours of employment during such workweek do not .

9  exceed 30 and the total hours of employment in any one workday thereof do not exceed six (6)."

10      49.     WO 4-01 §3(A)(1) provides that employment in excess of eight (8) hours up to

11  and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh

12  (7th) consecutive day of work in a workweek shall be compensated for as overtime at not less

13  than one and one-half (1½) times the employee's regular rate of pay; and double the employee's

14  regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours

15  worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

16      50.     Defendant has failed and refused to pay Plaintiff overtime, double time, and

17  seventh consecutive day worked premium compensation, at the correct regular rate of pay, for all

18  overtime, double time, and seventh consecutive day worked hours in excess of eight (8) hours

19  per day, forty (40) hours per week, and/or twelve (12) hours per day as required by LC §§510,

20  1194 and the applicable Wage Orders

21      51.     Plaintiff was non-exempt for purposes of the overtime, double time, and seventh

22  consecutive days worked premium pay requirements set forth in LC §510 and WO 4-01.

23  Defendant routinely required Plaintiff to work over eight hours in a day and over forty hours in a

24  workweek.  Defendant routinely required Plaintiff to work over twelve hours in a day.

25  Defendant routinely required Plaintiff to work seven consecutive days in a workweek. Plaintiff

26  did not receive premium pay at the regular rate of pay for working overtime, double time or

27  seven consecutive days in a workweek without a valid exemption.  Defendant's corporate policy

28  and pattern of conduct was/is accomplished with the advance knowledge and design of

1   Defendants herein.

2       52.     Defendant failed to properly include items of remuneration when determining

3   Plaintiff's regular rate of pay, this includes but is not limited to the failure to include all non-

4   discretionary production commission bonuses paid to Plaintiff.

5       53.     Plaintiff was employed and requires as a matter of established company policy

6   and design to work, and in fact worked, in excess of eight (8) hours per day and/or in excess of

7   forty (40) hours per week. Defendants employed and worked Plaintiff without providing

8   overtime compensation for such excess hours worked in violation of Labor Code §§ 510, 511

9   and 1194 and the relevant California Industrial Welfare Commission (IWC) orders, including but

10  not limited to, daily and weekly overtime payments. The California overtime requirement and

11  wage requirement are non-waivable rights pursuant to LC §219.

12      54.     Pursuant to Labor Code § 1198, it is unlawful to employ persons for longer than

13  the hours set by the IWC or under conditions prohibited by the applicable IWC Wage Orders.

14  IWC Wage Order No. 4, as amended, applies to Plaintiff.

15      55.     On information and belief and at all relevant times, Defendant has treated Plaintiff

16  as an hourly non-exempt employee despite misclassifying Plaintiff as exempt. Defendant has

17  willfully violated the Labor Code with respect to meeting the requirements of paying all wages

18  earned, including minimum wages, reporting time pay, straight time pay, overtime, and

19  remuneration when calculating Plaintiff's regular rate of pay.

20      56.     Defendants, and each of them, consistently administered a corporate policy which

21  required Plaintiff to work overtime without proper premium overtime pay at the regular rate of

22  pay. Defendant consistently administered a corporate policy which required Plaintiff to work

23  double time without proper premium double time pay at the regular rate of pay. Defendant

24  consistently administered a corporate policy which required Plaintiff to work seven consecutive

25  days in a workweek without seventh day premium pay at the regular rate of pay.

26      57.     Plaintiff has been deprived of his rightfully earned overtime, double time and

27  seventh day premium compensation as a direct and proximate result of Defendant's policies,

28  practices, and refusal to pay the full amount of compensation earned for all overtime, double

1    time, and seventh day premium hours worked at the correct regular rate of pay.

2        58.    Plaintiff is entitled to and seeks the full amount of all earned unpaid overtime,

3    double time, and seventh day premium pay owed to him based on the correct regular rate of pay,

4    attorneys' fees and costs, and interest pursuant to LC §1194 in an amount to be proved at trial.

5                                    **THIRD CAUSE OF ACTION**

6                              **FAILURE TO PROVIDE MEAL PERIODS**

7                **Violation of Labor Code §§226.7, 512, & IWC Wage Order No. 4-2001**

8                                        (Against All Defendants)

9        59.    Plaintiff re-alleges and incorporates by reference, as though fully set forth herein,

10   paragraphs 1 through 30 of this Complaint.

11       60.    Labor Code §226.7 requires an employer to pay one additional hour of

12   compensation, at the regular rate of pay, per day for each meal period the employer fails to

13   provide pursuant to the Labor Code and/or applicable Wage Order.  Plaintiff alleges that

14   Defendants failed to provide legally compliant meal periods to him due to Defendants impeding,

15   discouraging, and/or dissuading Plaintiff from taking legally compliant meal periods.

16       61.    Pursuant to Labor Code §512 and the applicable Wage Order, employees are

17   entitled to a meal period of at least thirty (30) minutes per five (5) hour work period.  Plaintiff

18   consistently worked over five (5) hour shifts without meal periods due to Defendant's policy of

19   discouraging, dissuading and/or impeding Plaintiff from taking meal periods.

20       62.    WO 4-01 applies to businesses operated for the purposes of providing insurance

21   claim services and provides, in pertinent part, that if an employer fails to allow an employee to

22   take meal periods in accordance with the applicable provisions of this Order, the employer shall

23   pay the employee one hour of pay at the employee's regular rate of compensation for each

24   workday that the meal period was not provided.

25       63.    During the relevant time period, Defendant failed to authorize and permit

26   uninterrupted meal breaks prior to completing five (5) continuous hours of work with

27   Defendant's knowledge or acquiescence.

28       64.    Defendant failed to comply with the required meal periods by not authorizing

                                               11
                                    COMPLAINT FOR DAMAGES

1   and/or permitting Plaintiff meal periods as required and established by Labor Code §512 and §11

2   of WO 4-01.

3       65.    By its actions in requiring Plaintiff to work more than five (5) hours, or work an

4   entire shift without a meal period, or more than ten (10) hours without a second meal period,

5   and/or its failure to relieve Plaintiff of his duties during meal periods, Defendant violated

6   California Labor Code §226.7 and §11 of WO 4-01, and are liable to Plaintiff.

7       66.    Defendant failed to provide, impeded and/or discouraged Plaintiff from taking

8   timely and compliant meal breaks of not less than thirty (30) minutes as required by the Labor

9   Code and WO 4-01.

10       67.    Pursuant to Labor Code §226.7, Plaintiff is entitled to damages in an amount

11   equal to one (1) hour of wages per meal break violation per day, in a sum to be proven at trial.

12       68.    Pursuant to Labor Code §218.5, Plaintiff requests that the court award reasonable

13   attorneys' fees and costs incurred by this action.

14   **FOURTH CAUSE OF ACTION**

15   **FAILURE TO PROVIDE REST PERIODS**

16   **Violation of Labor Code §§226.7, 512, & IWC Wage Order No. 4-2001**

17   (Against All Defendants)

18       69.    Plaintiff re-alleges and incorporates by reference, as though fully set forth herein,

19   paragraphs 1 through 30 of this Complaint.

20       70.    Labor Code §226.7, and §12 of WO 4-01, requires employers to authorize and

21   permit all employees to take paid rest periods at the rate of ten (10) minutes rest per four (4)

22   hours worked or major faction thereof.

23       71.    Labor Code §226.7(b) requires employers to pay one additional hour of

24   compensation, at the regular rate of pay, per day for each rest period the employer fails to

25   provide pursuant to the Labor Code and/or applicable Wage Order.

26       72.    During the relevant time period, Defendant failed to provide legally compliant

27   rest periods to Plaintiff. Plaintiff alleges that Defendant failed to provide legally compliant rest

28   periods by impeding, discouraging, and/or dissuading Plaintiff from taking legally compliant rest

12

**COMPLAINT FOR DAMAGES**

1  periods.

2  73.     Defendant systematically and uniformly failed and/or refused to implement a

3  relief system and appropriate work load by which Plaintiff could receive paid rest breaks and/or

4  work free rest breaks for every four (4) hours worked or major fraction thereof. By and through

5  its actions, Defendant intentionally and improperly denied rest periods to Plaintiff in violation of

6  Labor Code §226.7.

7  74.     During the relevant time period, Plaintiff worked at least two (2) and one-half

8  (1/2) hours and regularly worked more than four (4) hours in a workday.

9  75.     WO 4-01 applies to business operated for the purposes of providing insurance

10  claim services and provides, that if an employer fails to allow an employee to take rest periods in

11  accordance with the applicable provisions of this Order, the employer shall pay the employee

12  one hour of pay at the employee's regular rate of compensation for each workday that a rest

13  period was not provided. The authorized rest period is based on the total hours worked daily at

14  the rate of ten minutes net rest time per four hours or major faction thereof.

15  76.     During the relevant time period, Defendant failed to authorize and permit rest

16  breaks. Plaintiff was routinely required to work through his rest breaks at the direction of

17  Defendant and/or with Defendant's knowledge or acquiescence. Defendant routinely and

18  willfully required failed to provide Plaintiff paid rest breaks.

19  77.     By its actions in requiring Plaintiff to work through rest breaks, Defendant

20  violated California Labor Code §226.7 and §12 of WO 4-01, and are liable to Plaintiff.

21  78.     As a result of the unlawful acts of Defendant, Plaintiff has been deprived of

22  compliant rest breaks and is entitled to recovery under Labor Code §226.7(b) and §12 of WO 4-

23  02, in the amount of one additional hour of pay at his regular rate of pay for each day a paid rest

24  break was not provided.

25  79.     Pursuant to Labor Code §218.5, Plaintiff requests that the court award reasonable

26  attorneys' fees and costs incurred by this action.

27  ///

28  ///

13
COMPLAINT FOR DAMAGES

## FIFTH CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES DUE AT SEPARATION

#### Violation of Labor Code §§200, *et seq.*; 203

(Against all Defendants)

80.     Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 30 of this Complaint.

81.     Plaintiff's employment with Defendants ended and he was entitled to be promptly paid all earned and unpaid wages at the time employment was terminated, as required pursuant to Labor Code §§201 and 202, *et seq*. Defendant refused and/or intentionally failed to promptly compensate Plaintiff all earned minimum wages, straight time wages, overtime wages, double time wages and/or meal and rest period premium pay at the time of separation. Plaintiff seeks statutory waiting time penalties pursuant to LC §203.

82.     Plaintiff was an employee of Defendant covered by Labor Code §203 whose employment ended with Defendant.

83.     Accordingly, pursuant to Labor Code §203, Plaintiff is entitled to waiting time penalties at an amount to be proven at trial, attorneys' fees and costs, and interest.

### SIXTH CAUSE OF ACTION

#### FAILURE TO REIMBURSE BUSINESS EXPENSES

##### In Violation of Labor Code §§2802, 2804 *et seq.*

(Against all Defendants)

84.     Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 30 of this Complaint.

85.     Pursuant to Labor Code §2802, "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

86.     Pursuant to Labor Code §2804, "Any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof, is null and void,

1   and this article shall not deprive any employee or his personal representative of any right or

2   remedy to which he is entitled under the laws of this State."

3        87.    Plaintiff has incurred necessary expenditures in direct consequence of the

4   discharge of his duties to Defendant and/or his obedience to Defendant's directions, for which he

5   has not been reimbursed including, but not limited to, automobile expenses, mileage

6   reimbursement and camera expenses, etc.

7        88.    Defendant's actions in requiring Plaintiff to expend money in the discharge of his

8   duties, but failing to fully indemnify and reimburse Plaintiff for those expenses, is unlawful

9   under the laws and regulations of the State of California.

10        89.    Any employment agreement with Plaintiff that waives Plaintiff's right to be

11   indemnified for the reimbursement of expenses is null and void.

12        90.    During the relevant time period, Defendant has wrongfully withheld

13   indemnification for the expenses incurred by Plaintiff and/or made improper and unauthorized

14   deductions from Plaintiff. In violation of California law, Defendant has systematically,

15   knowingly, and willfully refused to perform its obligations to indemnify and reimburse Plaintiff.

16        91.    As a direct result, Plaintiff has suffered, and continues to suffer, substantial losses

17   related to the use and enjoyment of such money, lost interest on such money, and expenses and

18   attorneys' fees, expenses, and costs of suit.

19        92.    Plaintiff is entitled to recover, and seeks, an award from Defendant of the full

20   amount of all unreimbursed necessary expenditures and lost wages, plus interest on all such

21   amounts, injunctive relief, reasonable attorney's fees and costs of suit, and all other appropriate

22   remedies provided by Labor Code §2802, or any other provision of the Labor Code, and IWC

23   Wage Orders.

### SEVENTH CAUSE OF ACTION

### WAGE THEFT AND UNLAWFUL DEDUCTION OF WAGES

### (Violation of Labor Code §§ 218.5, 219, 221, 223, and 224)

### (Plaintiff against All Defendants)

28        93.    Plaintiff restates and incorporates by reference each and every allegation

15
COMPLAINT FOR DAMAGES

1   contained in paragraphs 1 through 30, inclusive, as though fully set forth herein.

2       94.    Labor Code §219(a) provides that: "Nothing in this article shall in any way limit
3   or prohibit the payment of wages at more frequent intervals, or in greater amounts, or in full
4   when or before due, but no provision of this article can in any way be contravened or set aside by
5   a private agreement, whether written, oral, or implied."

6       95.    Labor Code §221 provides that: "It shall be unlawful for any employer to collect
7   or receive from an employee any part of wages theretofore paid by said employer to said
8   employee." Labor Code §221 rights are nonnegotiable and cannot be waived by the parties.
9   *Sciborski v. Pac. Bell Directory*, 205 Cal.App.4th 1152, 1166 (2012).

10       96.    Labor Code §223 prohibits an employer from paying a lower wage while
11   purporting to pay a wage designated by statute or by contract. Labor Code §223 rights are
12   nonnegotiable and cannot be waived by the parties pursuant to Labor Code §219.

13       97.    Labor Code §224 prohibits deductions by employers not otherwise authorized by
14   state or federal law or expressly authorized in writing by the employee if for the benefit of the
15   employee.

16       98.    Industrial WO 4-01 §8 provides that no employer shall make any deduction from
17   the wage or require any reimbursement from an employee for any cash shortage . . . unless it can
18   be shown that the shortage, breakage, or loss is caused by a dishonest or willful act, or by the
19   gross negligence of the employee.

20       99.    These statutes, along with California's fundamental public policy protecting
21   wages, prohibit employers from subjecting employees to unanticipated or unpredicted reductions
22   and/or deductions in their wages.

23       100.    Plaintiff is informed, believes and alleges that Defendant's policy and practice
24   was to unlawfully deduct a percentage of Plaintiff's pay, without authorization, and for
25   collecting and/or receiving from Plaintiff a part of his wages theretofore paid.

26       101.    Plaintiff is informed, believes and alleges that Defendant's policy and practice
27   was to unlawfully deduct and retain a percentage of Plaintiff's pay that resulted in an
28   underpayment to Plaintiff pursuant to the wage designated by the parties' commission agreement

1  contract.

2      102.    Plaintiff is informed, believes and alleges that Defendant's policy and practice

3  was to deduct and retain a percentage of Plaintiff's wages.  Defendant's deducted and retained

4  this commission resulting in a commission percentage paid less than the commission agreement.

5  Plaintiff never expressly authorized, in writing, for Defendant to make these deductions.

6  Plaintiff was never paid the earned commission percentages retained by Defendants.

7      103.    Plaintiff is informed, believes and alleges that Defendant's policy and practice

8  was to pay Plaintiff his earned commission and then debit Plaintiff's earned commission as a

9  chargeback.  Plaintiff's earned commission that was retained by Defendant was never paid to

10  Plaintiff.  Plaintiff never expressly authorized, in writing, for Defendant to make these

11  deductions.

12      104.    Defendants' conduct violates Labor Code §§221, 223, 224 and WO 4-01 §8.

13      105.    As a proximate cause of the aforementioned violations, Plaintiff has been

14  damaged in an amount according to proof at time of trial.  Plaintiff is entitled to recover the

15  unpaid balance of wages owed, interest, and attorneys' fees and costs.

16                          **EIGHTH CAUSE OF ACTION**

17                          **UNFAIR COMPETITION**

18               **Violation of Business and Professions Code §§17200 *et seq.***

19                          **(Against all Defendants)**

20      106.    Plaintiff re-alleges and incorporates by reference each and every one of the

21  allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set

22  forth herein.

23      107.    Beginning on an exact date unknown to Plaintiff but believed to have occurred at

24  least since four (4) years before the filing of this action, Defendant has engaged in a pattern and

25  practice of acts of unfair competition in violation of B&PC §17200, including the practices

26  alleged herein.

27      108.    Defendant is a "person" as defined by Business and Professions Code §17201.

28      109.    Plaintiff seeks to enforce important rights affecting the public interest. Plaintiff

                                    17
                          COMPLAINT FOR DAMAGES

1   sues on his own behalf and on behalf of the public as Defendant required Plaintiff work regular

2   hours, overtime hours, double time and seventh consecutive day hours without receiving

3   minimum wage, overtime premiums, double time, and seventh consecutive day premiums for all

4   hours worked, and was required to work shifts without legally compliant meal breaks and rest

5   periods and was required to incur necessary business expenses in direct consequence of the

6   discharge of his duties and is a party harmed by Defendant's unfair business practices.

7      110.     Plaintiff suffered injuries-in-fact and has lost money as a result of the Defendant's

8   unfair competition alleged herein.

9                    **UNLAWFUL BUSINESS PRACTICES**

10      111.     Defendant previously or continues to engage in unlawful business practices, as

11   alleged in this Complaint, in violation of California's B&PC §17200 *et seq.* by:

12         a.   Failing and refusing to pay Plaintiff minimum wages, overtime, double time and

13             seventh consecutive day worked premium wages at the correct regular rate of pay

14             for all hours worked in violation of Labor Code §§510, 1194, 1194.2, & 1197 and

15             WO 4-01;

16         b.   Failing and refusing to provide Plaintiff with meal and rest breaks or premium

17             payments, at the regular rate of pay, in lieu thereof in violation of Labor Code

18             §§226.7, 512 and WO 4-01;

19         c.   Failing and refusing to indemnify and reimburse Plaintiff for all necessary

20             business expenses incurred as a consequence of the discharge of his duties to

21             Defendant in violation of Labor Code §§2802, 2804 and WO 4-01;

22         d.   Failing to pay all earned commissions in violation of Labor Code §§221, 223, 224

23             and WO 4-01 §8.

24      112.     All of these allegations constitute unfair business practices and/or unlawful

25   business practices in violation of California B&PC §17200, *et seq.*

26      113.     Defendant has avoided payment of minimum wages, overtime, double time, and

27   seventh consecutive day worked premium wages at the correct regular rate of pay,

28   reimbursement of expenses, and other benefits as required by the California Labor Code, the

18

COMPLAINT FOR DAMAGES

1  California Code of Regulations and applicable IWC Wage Orders. As a result of Defendant's

2  unfair business practices, Defendant has reaped unfair benefits and illegal profits at the expense

3  of Plaintiff, and others similarly situated, and the members of the public. Defendant should be

4  made to disgorge their ill-gotten gains and restore the same to Plaintiff.

5  **FRAUDULENT COMMISSION WAGE PAYMENT STRUCTURE**

6  114. A practice may violate the B&PC §§17200, *et seq.*, even if it is not prohibited by

7  another statute. A business practice is "fraudulent" under B&PC §§17200, *et seq.*, where the

8  plaintiff was likely to be deceived and suffered economic injury as a result of the deception.

9  115. Plaintiff is informed, believes and alleges that Defendant engineered a deception,

10  subterfuge, and scheme to avoid paying Plaintiff the full value of his bargained for commission

11  wages.

12  116. Plaintiff is informed, believes and alleges that Defendant unlawfully deducted and

13  retained a percentage of Plaintiff's pay that resulted in unlawful chargebacks and underpayments

14  to Plaintiff pursuant to the wage designated by the parties' commission agreement contract.

15  117. Plaintiff is informed, believes and alleges that Defendant's policy and practice

16  was to unlawfully deduct a percentage of Plaintiff's pay, without authorization, and for

17  collecting and/or receiving from Plaintiff as part of his wages theretofore paid.

18  118. Plaintiff is informed, believes and alleges that Defendant's policy and practice

19  was to unlawfully deduct and retain a percentage of Plaintiff's pay that resulted in an

20  underpayment to Plaintiff pursuant to the wage designated by the parties' commission agreement

21  contract.

22  119. Plaintiff is informed, believes and alleges that Defendant's policy and practice

23  was to deduct and retain a percentage of Plaintiff's commission. Plaintiff never expressly

24  authorized, in writing, for Defendant to make such percentage deductions. Plaintiff was never

25  paid these earned commission percentages retained by Defendant.

26  120. Plaintiff is informed, believes and alleges that Defendant's policy and practice

27  was to pay Plaintiff his earned commission and then debit Plaintiff a percentage of his earned

28  commission to offset Defendant's wage obligations. Plaintiff never expressly authorized, in

1 writing, for Defendants to make these deductions.

2     121.   Plaintiff is informed, believes and alleges that the mathematical result of these

3 practices is that Plaintiff was underpaid his earned commissions pursuant to the parties'

4 commission contract. Thereby Defendant is able to reduce its overhead and operating expenses

5 and again an unfair advantage over competing companies that comply with California state law.

6     122.   Plaintiff is informed, believes and alleges that Defendant's engineered

7 indebtedness in order to avoid compensating Plaintiff with his full earned wages.

8     123.   Plaintiff is informed, believes and alleges that Defendant's actual pay practice

9 was not stated, detailed, explained, or outlined in the parties' commission contract. Plaintiff was

10 not aware that he would be subjected to engineered deductions and/or secret underpayments or

11 that Defendant's would retain a portion of his earned commission wages.

12     124.   Plaintiff is informed, believes and alleges that due to Defendant's deceptive

13 payment practice and engineered indebtedness, Plaintiff suffered economic injury in the form of

14 unpaid earned commission wages and claimed indebtedness to Defendant.

15                **UNFAIR COMMISSION WAGE PAYMENT STRUCTURE**

16     125.   A practice may violate the <u>B&PC</u> §§17200, *et seq.*, even if it is not prohibited by

17 another statute. The "unfair" prong of <u>B&PC</u> §§17200, *et seq.*, is intentionally broad to allow

18 the Courts maximum discretion to prohibit new schemes to defraud individuals. Under the

19 "unfair" prong, the business practice and the utility of Defendant's conduct is weighed against

20 the gravity of the harm to the alleged victim. The "unfairness" prong has been used to enjoin

21 deceptive or sharp practices.

22     126.   Plaintiff is informed, believes and alleges that Defendant's engineered a

23 deception, subterfuge, and scheme to avoid paying Plaintiff the full value of his bargained for

24 commission wages.

25     127.   Plaintiff is informed, believes and alleges that Defendant's unlawfully deducted

26 and retained a percentage of Plaintiff's pay that resulted in unlawful chargebacks and

27 underpayments to Plaintiff pursuant to the wage designated by the parties' commission

28 agreement.

128.   Plaintiff is informed, believes and alleges that Defendant's policy and practice was to unlawfully deduct a percentage of Plaintiff's pay, without authorization, and for collecting and/or receiving from Plaintiff a part of his wages theretofore paid and/or owed.

129.   Plaintiff is informed, believes and alleges that Defendant's policy and practice was to unlawfully deduct and retain a percentage of Plaintiff's pay that resulted in an underpayment to Plaintiff pursuant to the wage designated by the parties' commission agreement contract.

130.   Plaintiff is informed, believes and alleges that Defendant's policy and practice was to automatically deduct and retain a percentage of Plaintiff's commission. Defendant deducted and retained this commission without express written authorization for Defendant to make these deductions. Plaintiff was never paid these earned commission percentages retained by Defendant.

131.   Plaintiff is informed, believes and alleges that Defendant's policy and practice was to pay Plaintiff his earned commission and then debit Plaintiff a percentage of his earned commission to offset Defendant's wage obligations. Plaintiff never expressly authorized, in writing, for Defendants to make these deductions.

132.   Plaintiff is informed, believes and alleges that the mathematical result of these practices is that Plaintiff was underpaid his earned commissions pursuant to the parties' commission contract. Thereby Defendant is able to reduce its overhead and operating expenses and again an unfair advantage over competing companies that comply with California state law.

133.   Plaintiff is informed, believes and alleges that Defendant's engineered indebtedness in order to avoid compensating Plaintiff with his full earned wages.

134.   Plaintiff is informed, believes and alleges that Defendant's actual pay practice was not stated, detailed, explained, or outlined in the parties' commission contract. Plaintiff was not aware that he would be subjected to engineered indebtedness.

135.   Plaintiff is informed, believes and alleges that due to Defendant's deceptive pay practices, Plaintiff suffered economic injury in the form of unpaid earned commission wages.

136.   Plaintiff is informed, believes and alleges that due to Defendant's deceptive and

1   unfair payment practice and engineered indebtedness, Plaintiff suffered economic injury in the

2   form of unpaid earned commission wages retained by Defendant.

3       137.   Plaintiff is informed, believes and thereon alleges that the usefulness of

4   Defendants' payment practice is outweighed by the engineered economic harm it incurred upon

5   Plaintiff.                :

6       138.   Plaintiff seeks full restitution of said monies, as necessary and according to proof,

7   to restore any and all monies withheld and/or acquired by Defendant by means of their unfair,

8   unlawful, and fraudulent business practices complained of herein. Plaintiff seeks restitution of

9   monies retained by Defendant. Plaintiff further seek the appointment of a receiver, as necessary,

10  to establish the total restitutionary relief from Defendant. The restitution includes all wages

11  withheld by Defendant as a result of the unfair, unlawful, and/or fraudulent business practices;

12  including interest thereon. Absent a statutory provision specifically governing the type of claim

13  at issue, the prejudgment interest rate is 10 percent. The acts complained of herein occurred, at

14  least in part, within the last four (4) years preceding the filing of the Complaint.

15      139.   On information and belief and during the relevant times herein mentioned,

16  Defendants have, Defendant engaged in unlawful, deceptive, and unfair business practices

17  prohibited by California B&PC §17200, thereby depriving their employees and Plaintiff, the

18  minimum working condition, standards and conditions due to them under the California labor

19  laws and Industrial Welfare Commission wage orders as specifically described herein. Plaintiff

20  further seeks an order requiring Defendant to timely pay his restitution including back wages and

21  interest for Defendant's ill-gotten gains from him.

22      140.   By and through its unfair, unlawful, and/or fraudulent business practices and acts

23  described herein, Defendant obtained valuable services from Plaintiff and deprived him of

24  valuable rights and benefits guaranteed by law, all to the detriment of him and the general public.

25      141.   Plaintiff is entitled to and does seek such relief as may be necessary to restore him

26  the money and property which Defendant acquired, or of which Plaintiff has been deprived, by

27  the means herein described as unfair, unlawful, and/or fraudulent business practices.

28      142.   Plaintiff is further entitled to and does seek a declaration that the above described

1  business practices are unfair, unlawful, and/or fraudulent, and declaratory relief of Defendant

2  engaging in any of the herein described unfair, unlawful, and/or fraudulent business practices.

3       143.    Plaintiff requests attorney's fees and costs pursuant to Code of Civil Procedure

4  §1021.5 since this action is brought to vindicate important rights of the public and/or such fees

5  should not in the interest of justice be paid out of the recovery, if any.

6  <u>**NINTH CAUSE OF ACTION**</u>

7  **FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**

8  **Violation of Labor Code §226**

9  (Against all Defendants)

10       144.    Plaintiff re-alleges and incorporates by reference, as though fully set forth herein,

11  paragraphs 1 through 30 of this Complaint.

12       145.    California Labor Code §226 provides:

13  (a) Every employer shall, semimonthly or at the time of each payment of wages, furnish
14  each of his or her employees, either as a detachable part of the check, draft, or voucher
   paying the employee's wages, or separately when wages are paid by personal check or
15  cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total
   hours worked by the employee, except for any employee whose compensation is solely
16  based on a salary and who is exempt from payment of overtime under subdivision (a) of
   Section 515 or any applicable order of the Industrial Welfare Commission, (3) the
17  number of piece-rate units earned and any applicable piece rate if the employee is paid on
18  a piece-rate basis, (4) all deductions, provided that all deductions made on written orders
   of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the
19  inclusive dates of the period for which the employee is paid, (7) the name of the
   employee and only the last four digits of his or her social security number or an employee
20  identification number other than a social security number, (8) the name and address of the
21  legal entity that is the employer..., and (9) all applicable hourly rates in effect during the
   pay period and the corresponding number of hours worked at each hourly rate by the
22  employee...

23       146.    Labor Code §226(e) provides that an employee is entitled to recover the greater of

24  all actual damages or fifty dollars ($50) for the initial pay period in which a violation of §226

25  occurs and one hundred dollars ($100) for each subsequent pay period not to exceed an

26  aggregate penalty of four thousand dollars ($4,000), as well as an award of costs and reasonable

27  attorneys' fees, for all pay periods in which the employer knowingly and intentionally failed to

28  provide timely and accurate itemized statements to the employee showing the gross wages

1  earned.

2      147.    During the relevant time period, Defendant knowingly and intentionally failed to

3  provide Plaintiff with wage statements reflecting the gross wages earned, net wages earned,

4  and/or the applicable hourly rates at the corresponding hours worked.

5      148.    Plaintiff suffered injury as a result of Defendant's knowing and intentional failure

6  to provide Plaintiff with accurate itemized wage statements as Plaintiff was owed but not paid

7  premium compensation for all premium hours worked, and premium payments for meal and rest

8  period violations which were not reflected on the wage statements.  Plaintiff suffered injury as a

9  reasonable person could not promptly and easily determine from the wage statements alone the

10 accurate amount of gross wages, applicable hourly rates at the corresponding hours worked, or

11 the net wages earned for the pay period.

12     149.    Plaintiff seeks penalties pursuant to Labor Code §226(e), in an amount to be

13 determined at trial.

14     150.    Plaintiff also seeks costs and reasonable attorneys' fees pursuant to Labor Code

15 §226(e).

16     151.    Plaintiff further seeks injunctive relief and reasonable attorneys' fees and costs

17 pursuant to Labor Code §226(h).

18                   **IV.**    **PRAYER FOR RELIEF**

19 WHEREFORE, Plaintiff prays judgment as follows:

20     1.  For all unpaid wages due to Plaintiff, in amounts to be proven at trial;

21     2.  For all unpaid overtime, double time, and seventh consecutive day worked wages, at the

22        appropriate regular rate of pay, in an amount to be proven at trial;

23     3.  For all unreimbursed expenses improperly charged against Plaintiff;

24     4.  For restitution of all unpaid wages due to Plaintiff;

25     ·5.  For restitution of all expenses improperly charged against Plaintiff;

26     6.  For all unpaid minimum wages due to Plaintiff and liquidated damages, in amounts to be

27        proven at trial;

28     7.  For all applicable statutory penalties, in amounts to be proven at trial;

8. For an award of waiting time penalties pursuant to section 203 of the California Labor Code, in amounts to be proven at trial;

9. For an award of damages in an amount according to proof with interest thereon;

10. For compensatory and general damages in an amount according to proof;

11. For pre-judgment interest as allowed by Labor Code §§218.6 and 1194(a) as well as Cal. Civil Code §3287 and to the extent permitted by law, the California Constitution, and/or deemed equitable by the Court;

12. For declaratory relief that Defendants violated Labor Code §§201-203, 226, 226.7, 510, 512, 1194, 1194.2, 1197, and 2802, 2804;

13. For restitution of all moneys due to Plaintiffs and Class members, and disgorged profits from the unlawful and/or unfair business practices of Defendants, pursuant to California Business & Professions Code §17200;

14. For an award of reasonable attorneys' fees, costs and interest thereon pursuant to Cal. Code of Civil Procedure section 1021.5; Labor Code sections 218.5, 1194, 2802(c), 226(h) and/or all other applicable law;

15. For one (1) hour of pay at each of the employees' regular rate of compensation for each workday that a legally compliant meal break was not provided, impeded, discouraged, and/or dissuaded;

16. For one (1) hour of pay at each of the employees' regular rate of compensation for each workday that a legally compliant rest break was not provided, impeded, discouraged, and/or dissuaded;

///
///
///
///
///
///

24. For injunctive relief, an award of costs and reasonable attorney's fees pursuant to Labor Code §226(h);

25. For such other and further relief as this Court deems just and proper.

Dated: 6/22/2017

Respectfully Submitted,
THE MYERS LAW GROUP, A.P.C.

By: _____
David P. Myers
Ann Hendrix
Jason Hatcher
Attorneys for LESLIE BILLINGS

26
COMPLAINT FOR DAMAGES

ELECTRONICALLY FILED
10/20/2017 10:07 AM
Kern County Superior Court
Terry McNally
By Raquel Sanchez, Deputy

David P. Myers (SBN 206137)
Robert M. Kitson (SBN 214091)
Jason Hatcher (SBN 285481)
**THE MYERS LAW GROUP, A.P.C.**
9327 Fairway View Place, Suite 100
Rancho Cucamonga, CA 91730
Telephone: 909-919-2027
Facsimile:  888-375-2102

Attorneys for LESLIE BILLINGS and the
Proposed Classes

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF KERN

| | |
|---|---|
| LESLIE BILLINGS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>RYZE CLAIM SOLUTIONS, LLC formerly known as EAGLE ADJUSTING SERVICES, INC., an Indiana Limited Liability Company; and DOES 1 THROUGH 10, inclusive<br><br>Defendants. | Case No.: BCV-17-101949<br><br>**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>1.  **Failure to Pay Minimum Wage**<br>2.  **Failure to Pay All Premium Wages**<br>3.  **Failure to Provide Meal Breaks**<br>4.  **Failure to Provide Rest Breaks**<br>5.  **Failure to Pay all Wages Due at Separation**<br>6.  **Failure to Reimburse Business Expenses**<br>7.  **Wage Theft and Unlawful Deductions**<br>8.  **Unfair Competition**<br>9.  **Violation of Fair Labor Standards Act, 29 U.S.C. §207**<br>10. **Violation of Fair Labor Standards Act, 29 U.S.C. §206**<br><br>**DEMAND FOR JURY TRIAL** |

1

FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

## I.    INTRODUCTION

1.    This is a nationwide collective action and California class action brought by Plaintiff LESLIE BILLINGS ("Plaintiff") against RYZE CLAIM SOLUTIONS, LLC fka EAGLE ADJUSTING SERVICES, INC. ("Ryze") and other as of yet unnamed Defendants (collectively "Defendants") alleging, among other things, violations of the California Labor Code, Unfair Competition Law, and the Fair Labor Standards Act ("FLSA"). Plaintiff seeks damages, attorneys' fees and costs of suit. Defendant Ryze utilized Plaintiff and other similarly situated drivers as traveling claims adjusters.

2.    The Collective Class is made up of all persons currently or formerly employed as a claims adjuster by Defendants at any time within three years of filing this complaint through the date of final disposition of this action (the "Collective Class").

3.    The California Class is made up of all all persons currently or formerly employed as a claims adjuster within the State of California by Defendants at any time within three years of filing this complaint through the date of final disposition of this action (the "California Class Class").

4.    During the Collective Class period and the California Class period, Defendant failed to pay overtime compensation and/or minimum wage to each member of the respective classes as required by federal and state law. Plaintiff seeks relief for the California Class under California wage and hour law, and for the Collective Class under the FLSA, to remedy Defendants' failure to pay all wages due, pay appropriate overtime compensation, to provide meal and rest periods, to pay waiting time penalties, to maintain accurate time records, to reimburse all businesses expenses, in addition to injunctive relief and declaratory relief.

## II.    JURISDICTION AND VENUE

5.    This Court is the proper court and this action is properly filed in the County of Kern as Plaintiff was employed and conducted business on Defendants' behalf in Kern County and throughout California. The acts and omissions complained of in this occurred, in part, in California. This Complaint alleges causes of action under the laws of the United States and the California Labor Code.

2

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

6.      Plaintiff is a resident of the County of Kern and the State of California. The Superior Court of Kern County is the proper venue for this action. At all relevant times, Defendants conducted business and engaged in acts and omissions which are subject matter of this Complaint in part in Kern County.

### III.     PARTIES

7.      Plaintiff is informed and believes, and thereon alleges that Defendant RYZE CLAIM SOLUTIONS, LLC fka EAGLE ADJUSTING SERVICES, INC. is a limited liability company of the State of Indiana doing business in the County of Kern and throughout the State of California.

8.      Ryze is a comprehensive claims services company that provides residential and commercial property adjusting services throughout the United States, including but not limited to Alabama, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin and Wymoning. Ryze offers general adjusters and executive general adjusters who handle losses of all sizes along with complex claim assignments, including but not limited to: daily property, catastrophic, flood, third party administration/claims administration, casualty, reinspections, audits, and appraisal services.

9.      Ryze was Plaintiff's employer under the meaning of the California Labor Code, common law, and the applicable IWC Wage Orders at all relevant times.

10.      The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 10 are unknown to Plaintiff, who therefore sues the DOE Defendants by fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained.

11.      Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, and/or are attributable to, all Defendants, each

3

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

1   acting as agents and/or employees, and/or under the direction and control of each of the other

2   Defendants, and that said acts and failures to act were within the course and scope of said

3   agency, employment and/or direction and control.  Plaintiff is informed and believes, and thereon

4   alleges, that at all times material hereto Defendants were and are the agents of each other.

5       12.   Defendants personally profited by misclassifying Plaintiff, the California Class,

6   and the Collective Class as a salaried exempt employee and thereby keeping wages that were

7   owed to Plaintiff, the California Class, and the Collective Class under the FLSA and/or

8   California's wage and hour laws, and Defendants obtained an unfair competitive advantage over

9   law-abiding businesses by not paying Plaintiff, the California Class, and the Collective Class

10  according to the legal minimum standards.

11      13.   Plaintiff is informed and believes, and thereon alleges, that Defendant DOES 1

12  through 10 are the partners, owners, shareholders, predecessor in interest, successor in interest,

13  or managers of Defendant Employer, and were acting on behalf of Defendant Employer in the

14  payment of wages to Plaintiff. Defendants are collectively referred to as "Defendant" hereafter.

15      14.   Plaintiff LESLIE BILLINGS ("Plaintiff") worked for RYZE CLAIM

16  SOLUTIONS, LLC fka EAGLE ADJUSTING SERVICES, INC., as a traveling claims adjuster

17  working out of his home office in Bakersfield, California, from approximately 2009 to July 10,

18  2016.

19      15.   Upon information and belief, Plaintiff alleges that Plaintiff, the Collective Class,

20  and the California Class primarily engaged in non-exempt tasks. Plaintiff's duties included, but

21  were not limited to, extensive driving to customer locations, making and receiving customer

22  phone calls, gathering measurements and recorded statements, providing measurements and

23  statements to underwriting, and gathering prior loss reports. Plaintiff's duties were largely

24  administrative tasks that entailed filling out and submitting forms for managerial approval, as

25  well as generating invoices, and taking photographs.

26      16.   Upon information and belief, Plaintiff alleges that Plaintiff, the Collective Class,

27  and the California Class did not approve files nor issue payments and upon direction provides

28  requested information, including obtaining additional information upon request.  Plaintiff did not

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

negotiate fee structures. All of Plaintiff's forms were submitted for a review process. After reviewed. Plaintiff would be instructed to specifically obtain further information, have the forms rejected or approved.

17.     Upon information and belief, Plaintiff alleges that Plaintiff, the Collective Class, and the California Class were required to drive in territories of up to 150-miles to 300-400 miles without compensation.

18.     Upon information and belief, Plaintiff alleges that Plaintiff, the Collective Class, and the California Class were paid commissions only. Plaintiff, the Collective Class, and the California Class pay was not predetermined or fixed and was subject to variations because of the quality or quantity of work performed.

19.     Upon information and belief, Plaintiff alleges that Plaintiff, the Collective Class, and the California Class was permitted, required and/or suffered to worked in excess of eight (8) hours in a day and/or forty (40) hours in a week without receiving all earned overtime and double time pay for all overtime and double time hours worked.

20.     Upon information and belief, Plaintiff alleges that Plaintiff and the California Class were permitted, required and/or suffered to worked seven (7) consecutive days in a pay week without receiving 7th day premium pay.

21.     Upon information and belief, Plaintiff alleges that throughout the relevant time period, Defendant failed to pay Plaintiff, the Collective Class, and the California Class one-and-one-half times his regular rate of pay for hours worked in excess of eight hours per day or forty hours per workweek or for the first eight hours of work on the seventh consecutive day worked in a workweek. Defendant also failed to pay Plaintiff and the California Class at a rate no less than twice the regular rate of pay for work in excess of twelve hours in one day or for all hours worked in excess of eight hours on the seventh consecutive day in a workweek.

22.     On information and belief, Plaintiff alleges that Defendant does not properly calculate the regular rate of pay for overtime, double time, and 7th consecutive day premiums, including but not limited to failing to include commission bonuses in the calculation of the

5

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

1   regular rate of pay. Plaintiff, the Collective Class, and the California Class received production

2   based commission bonuses. On information and belief, these commission bonuses were non-

3   discretionary and were not included in the regular rate of pay for calculating overtime, double

4   time, and/or seventh consecutive day premium pay.

5        23.     Upon information and belief, Plaintiff alleges that during the relevant time period,

6   Defendant failed to pay Plaintiff, the Collective Class, and the California Class minimum wage

7   for all hours worked. Thus, Defendant did not pay minimum wages, in accordance with the law,

8   and without exemption.

9        24.     On information and belief, Plaintiff alleges that Defendant failed to pay the full

10  amount of earned overtime, double time, and/or seventh consecutive day premium pay, as earned

11  for hours worked, without exemption.

12       25.     Upon information and belief, Plaintiff alleges that throughout the relevant time

13  period, Plaintiff, the Collective Class, and the California Class was suffered and/or permitted to

14  work without compensation, including but not limited to being required to travel to appointments

15  without compensation. Defendant failed to pay Plaintiff, the Collective Class, and the California

16  Class for all hours worked.

17       26.     Upon information and belief, Plaintiff alleges that Plaintiff and the California

18  Class were not provided a thirty (30) minute uninterrupted meal period for every five (5) hours

19  worked, without exemption. Further, Plaintiff was not provided a second thirty (30) minute

20  uninterrupted meal period for shifts lasting longer than ten (10) hours worked, without

21  exemption.

22       27.     Upon information and belief, Plaintiff alleges that Plaintiff and the California

23  Class were not provided paid ten (10) minute rest periods for every four (4) hours worked, or

24  major fraction thereof.

25       28.     Upon information and belief, Plaintiff alleges that Defendant did not provide one

26  addition hour of premium pay at the regular rate of pay for each missed meal period per day (to a

27  maximum of one per day) or one separate additional hour of premium pay at the regular rate of

28  pay for each missed or unpaid rest period per day (to a maximum of one per day).

6

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

29.     Upon information and belief, Plaintiff alleges that Defendant improperly passed business expenditures and losses to Plaintiff, the Collective Class, and the California Class by requiring Plaintiff, the Collective Class, and the California Class to pay such expenses, including but not limited to, automobile expenses, digital camera expenses, and mileage reimbursement.

30.     Upon information and belief, Plaintiff alleges that Defendant improperly and without written authorization made deductions to Plaintiff, the Collective Class, and the California Class wages.

31.     Plaintiff is informed, believes and alleges that Defendant's policy and practice was to pay Plaintiff his earned commission and then debit Plaintiff a percentage of his earned commission to offset Defendant's wage obligations.  Plaintiff, the Collective Class, and the California Class never expressly authorized, in writing, for Defendants to make these deductions.

32.     Upon information and belief, Plaintiff alleges that Defendant failed to timely pay all earned wages due to Plaintiff and the California Class upon termination. Defendants failed to pay all wages owed and earned by Plaintiff, the Collective Class, and the California Class during every pay period.

33.     The underpayment of wages to Plaintiff, the Collective Class, and the California Class is a consequence of Defendant's unlawful, unfair, and/or fraudulent policies and practices which were centrally devised, implemented, communicated, and applied.

34.     Because of Defendant's unlawful, unfair, and/or fraudulent conduct, Plaintiff, the Collective Class, and the California Class has been and continues to be systematically deprived of earned wages to which he is entitled by law and equity, and deprived of other benefits provided by the Labor Code, the applicable IWC Wage Orders, and the FLSA to the detriment of himself, the classes, and the public at large.

## IV.     COLLECTIVE ACTION ALLEGATIONS

35.     Incorporating by reference, herein, all allegations in this complaint, pursuant to the Fair Labor Standards Act ("FLSA"), Plaintiff brings this action on his own behalf and other similarly situated current and former employees as authorized under the FLSA, 29 U.S.C.

7

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

§216(b). The employees similarly situated are:

**Collective Class:** All persons who are, have been, or will be employed by Defendant as a claims adjuster within the United States at any time within three years of filing this complaint to the final disposition of this case.

36. Upon information and belief, Plaintiff alleges that Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without overtime compensation.

37. Defendant's unlawful conduct has been widespread, repeated and consistent.

38. Upon information and belief, Plaintiff alleges that Defendant knew that Plaintiff and the Collective Class performed worked that required overtime pay. Defendant operated under a scheme to deprive these employees of overtime compensation by failing to properly compensate them for all hours worked.

39. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

40. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendant who have been denied overtime pay, and/or minimum wage, in violation of the FLSA who would benefit from the issuance of Court-supervised notice to the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## V. CLASS ALLEGATIONS FOR CALIFORNIA CLASS

41. Incorporating by reference, herein, all allegations in this complaint, Plaintiff brings this action on his own behalf and on behalf of the proposed California Class, pursuant to California Code of Civil Procedure §382 on behalf of the following defined class:

**Proposed California Class:** All persons who are, have been, or will be employed by

8

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

Defendant as a claims adjuster within the State of

California at any time within four years of filing this

complaint to the final disposition of this case.

42.     Further, this action is brought for the benefit of the public, who are entitled to restitution of those funds improperly withheld by Defendants.

43.     The California sub-classes which Plaintiffs seek to represent are composed of and defined as follows:

**Sub-Class 1**

All California claims adjuster employees of Defendants who worked at least one (1) day of more than eight (8) hours in a day or more than forty (40) hours in a week during the relevant time period to be determined. ("California Overtime" Sub-Class).

**Sub-Class 2**

All California claims adjuster employees of Defendants during the relevant time period who were suffered and/or permitted to work without compensation paid at minimum wage. ("California Off the Clock" Sub-Class).

**Sub-Class 3**

All California claims adjuster employees of Defendant who worked during the relevant time period and were not provided legally-compliant meal periods. ("California Meal Break" Sub-Class).

**Sub-Class 4**

All California claims adjuster employees of Defendant, during the relevant time period, who were not provided with 10 minute rest periods for each four (4) hours of work or major fraction thereof. ("California Rest Period" Sub-Class).

**Sub-Class 5**

All California claims adjuster employees of Defendant, during the relevant time period, who were not fully reimbursed for business expenses and out-of-pocket expenses incurred in the performance of their job duties for Defendants. ("California Business Expense" Sub-Class).

**Sub-Class 6**

9

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

1     All California claims adjuster employees of Defendant, during the relevant time period,

2    who suffered unauthorized wage deductions. ("California Wage Deduction" Sub-Class).

3       44.    Plaintiffs reserve the right to amend or otherwise alter the class definition

4    presented to the Court at the appropriate times, or to propose or eliminate sub-classes, in

5    response to facts learned through discovery, or otherwise.

6       45.    This action has been brought and may be properly maintained as a class action

7    pursuant to the provisions of the Code of Civil Procedure §382 and other applicable law.

8       46.    **Numerosity:** Plaintiffs are informed and believe and on that basis allege that the

9    proposed Classes are so numerous that joinder of all members is impracticable.  Plaintiff is

10   informed and believes and on that basis alleges that during the relevant time period, Defendant

11   employed over 25 people who satisfy the definition of the Proposed California class.   It is

12   possible to ascertain the number of former and current employees who are members of the

13   proposed class, but they are so numerous that joinder is impracticable. The proposed Class

14   includes future employees (persons who are hired by defendant within the class period, but who

15   are not now class members as current or former employees) whose joinder is currently

16   impossible. The precise number of Class members and their addresses can be determined by

17   Defendants business records and will become known to Plaintiffs through discovery. Class

18   members may be notified of the pendency of this action by mail, e-mail, the internet, or

19   published and posted notice.

20      47.    **Typicality:** Plaintiff's claims are typical of the claims of California Class

21   members of the proposed classes. Defendant employed Plaintiff during the statutory period, and

22   Plaintiff was subjected to Defendant's unlawful employment practices, as alleged in this

23   Complaint.

24      48.    **Adequacy of Class Representative:** Plaintiff will fairly and adequately protect

25   the interests of the classes. Plaintiff's interests do not conflict with California Class members'

26   interests, and Plaintiffs have retained competent and experienced counsel. The interests of the

27   California Class members will be fairly and adequately protected by Plaintiff and his counsel.

28      49.    **Common Questions of Law and Fact:** Common questions of law and fact exist

10

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

as to all California Class members and predominate over any questions affecting solely individual members of the proposed Class:

    a.  Whether Defendant violated the applicable <u>Labor Code</u> provisions including §§510 and 1194 by requiring overtime work from the members of the proposed Plaintiff class and not paying for said work according to the overtime laws of the State of California without exemption;

    b.  Whether Defendant failed to pay the appropriate straight time and premium overtime compensation to the members of the proposed Plaintiff class;

    c.  Whether Defendant improperly retained, appropriated or deprived Plaintiffs and members of the proposed Plaintiff class of the use of monies or sums to which they were legally entitled;

    d.  Whether Defendant engaged in unlawful, unfair, and/or fraudulent business practices;

    e.  Whether Defendant, and each of them, was/were participants in the alleged unlawful conduct;

    f.  Whether Defendant conduct was willful or reckless;

    g.  The effect upon and the extent of injuries suffered by Plaintiff and all others similarly situated and the appropriate amount of compensation;

    h.  The appropriate amount of monetary penalties allowed by <u>Labor Code</u> §§201, *et seq.*

    i.  Whether Defendant failed to pay minimum wages and/or overtime compensation to the proposed Plaintiff class members despite the hours Defendant suffered and permitted members of the proposed Plaintiff class to actually work, in violation of the Labor Code and the IWC Wage Order(s);

    j.  Whether Defendant failed to and continue to fail to provide meal and/or rest breaks in violation of Section 11 and 12 of the applicable Wage Order(s) and <u>Labor Code</u> §§512 and 226.7;

    k.  Whether Defendant failed and continue to fail to pay meal break violation

11

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

1    and/or rest break violation premium penalties at the regular hourly rate of pay,

2    in violation of Section 11 and 12 of the applicable Wage Order(s) and Labor

3    Code §§512 and 226.7;

4       l.  Whether Defendant failed to reimburse business expenses including, but not

5           limited to, cell phone costs, expense of cleaning the delivery truck, and the

6           cost of charging the delivery truck overnight.

7       m.  Whether Defendant made unlawful and unauthorized wage deductions from

8           Plaintiff and the class in violation of Labor Code §§221, 223, 224;

9       n.  Whether Defendants willfully violated provisions of the California Labor

10          Code;

11      o.  Whether Defendants fail to provide regular legally compliant meal periods;

12      p.  Whether Defendants fail to authorize and permit legally compliant rest period

13          breaks;

14      q.  Whether Defendants' pay practices are an unlawful and/or unfair business

15          practice in violation of the Business and Professions Code §17200, *et seq.*;

16      r.  Whether Defendants failed to pay and continues to fail to pay at least

17          minimum wage for time that Plaintiff and the California Class members are

18          suffered and/or permitted to work;

19      50.  **Superiority and Substantial Benefit:** A class action is the superior method for

20  the fair and efficient adjudication of this controversy. Defendant implemented an illegal scheme

21  that is generally applicable to the members of the proposed plaintiff classes. Damages suffered

22  by each Class member may be relatively small given the burden and expense of individual

23  prosecution of the complex and expensive litigation necessitated by Defendant's conduct.

24  Further, it would be virtually impossible for the Class members to redress the wrongs done to

25  them on an individual basis. Even if Class members could afford such individual litigation, the

26  court system could not. By contrast, the class action device presents far fewer management

27  difficulties, and provides the benefits of a single adjudication, economies of scale, and

28  comprehensive supervision by a single court.

12

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

51.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. Plaintiff is informed and believes, and on that basis alleges, that the amount of money due each California Class member as economic damages is ascertainable from Defendant's records, or may readily be determined by other means.

52.     The Classes should also be certified because:

    a.   The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for Defendants;

    b.   The prosecution of separate actions by individual Class members creates the risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests; and

53.     Defendant has acted or has refused to act on grounds generally applicable to the class and/or the general public, thereby making final and injunctive relief, as well as declaratory relief, with respect to the Class as a whole, appropriate.

### FIRST CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGES

#### Violation of Labor Code §§510, 1194, 1194.2, & 1197

#### Against all Defendants on behalf of Plaintiff and the California Class

54.     Plaintiff re-alleges and incorporates by reference each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

55.     Labor Code §1197 provides: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

13

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

56.     Labor Code §1194 provides: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

57.     Labor Code §1194.2 provides: In any action under Section 98, 1193.6, 1194, or 1197.1 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

58.     Pursuant to IWC Wage Order No. 4-2001 ("WO 4-01"), "Hours worked" "means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

59.     Pursuant to §4 of IWC Wage Order No. 4-2001, and the IWC California Minimum Wage Order (MW-2014), Plaintiff was entitled to receive not less than $8.00/hour for all hours worked since January 1, 2008, and not less than $9.00/hour for all hours worked since July 1, 2014, and not less than $10.00/hour for all hours worked since January 1, 2016.

60.     Under the provisions of WO 4-01 and MW-2014, Plaintiff should have received not less than the minimum wage for every hour worked.

61.     Defendant systematically, routinely, and willfully failed to pay Plaintiff and the California Class regular and minimum wages for all hours he was permitted and/or suffered to work.

62.     Defendant's failure to pay minimum wages resulted from the following acts and omissions: their failure to compensate Plaintiff and the California Class at a rate equivalent to minimum wage for such time including but not limited to completing work off-the-clock.

63.     For all hours that Plaintiff worked, he is entitled to and seeks not less than the California minimum wage and, pursuant to Labor Code §1194.2(a) liquidated damages in an amount equal to the unpaid minimum wages and interest thereon. Pursuant to Labor Code §1194, Plaintiff is entitled to attorneys' fees and costs and interest according to proof.

14

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

64.     As a direct result of Defendant's unlawful acts, Plaintiff and the California Class suffered, and continues to suffer, substantial damages in an amount to be proven at trial, and is entitled to all appropriate legal remedies provided by the California Labor Code and IWC Wage Orders, including unpaid wages, liquidated damages, interest, attorneys' fees, and costs of suit.

### SECOND CAUSE OF ACTION

### FAILURE TO PAY PREMIUM WAGES

#### Violation of Labor Code §§510, 1194

**Against all Defendants on behalf of Plaintiff and the California Class**

65.     Plaintiff re-alleges and incorporates by reference each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

66.     Labor Code §510 mandates: "Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work." The California overtime requirement and wage requirement are non-waivable rights pursuant to LC §219.

67.     Section 3(a)(1) of WO 4-01 mandates that employers pay one and one-half times their employees' regular rate of pay for employees who work more than eight hours in a day or forty hours in a week and two times their regular rate of pay for any work in excess of twelve hours in one day.

68.     Labor Code §1194(a) states: "Notwithstanding any agreement to work for a lesser

15

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

1    wage, any employee receiving less than the legal minimum wage or the legal overtime

2    compensation applicable to the employee is entitled to recover in a civil action the unpaid

3    balance of the full amount of this minimum wage or overtime compensation, including interest

4    thereon, reasonable attorney's fees, and costs of suit."

5         69.    Pursuant to Labor Code §§218 and 1194(a), Plaintiff may bring a civil action for

6    overtime wages directly against the employer without first filing a claim with the Division of

7    Labor Standards Enforcement ("DLSE") and may recover such wages, together with interest

8    thereon, penalties, attorneys' fees and costs.  Further, pursuant to Labor Code §1198, it is

9    unlawful to employ person for longer than the hours set by the IWC or under conditions

10   prohibited by the applicable IWC Wage Orders. WO 4-01, as amended, applies to Plaintiff.

11        70.    Labor Code §551 provides that every person employed in any occupation of labor

12   is entitled to one day's rest therefrom in seven.

13        71.    WO 4-01 section 3(F) states, "An employee may be employed on seven (7)

14   workdays in a workweek when the total hours of employment during such workweek do not

15   exceed 30 and the total hours of employment in any one workday thereof do not exceed six (6)."

16        72.    WO 4-01 §3(A)(1) provides that employment in excess of eight (8) hours up to

17   and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh

18   (7th) consecutive day of work in a workweek shall be compensated for as overtime at not less

19   than one and one-half (1½) times the employee's regular rate of pay; and double the employee's

20   regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours

21   worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

22        73.    Defendant has failed and refused to pay Plaintiff and the California Class

23   overtime, double time, and seventh consecutive day worked premium compensation, at the

24   correct regular rate of pay, for all overtime, double time, and seventh consecutive day worked

25   hours in excess of eight (8) hours per day, forty (40) hours per week, and/or twelve (12) hours

26   per day as required by LC §§510, 1194 and the applicable Wage Orders

27        74.    Plaintiff and the California Class were non-exempt for purposes of the overtime,

28   double time, and seventh consecutive days worked premium pay requirements set forth in LC

                                          16
            **FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

§510 and WO 4-01. Defendant routinely required Plaintiff and the California Class to work over eight hours in a day and over forty hours in a workweek. Defendant routinely required Plaintiff and the California Class to work over twelve hours in a day. Defendant routinely required Plaintiff and the California Class to work seven consecutive days in a workweek. Plaintiff and the California Class did not receive premium pay at the regular rate of pay for working overtime, double time or seven consecutive days in a workweek without a valid exemption. Defendant's corporate policy and pattern of conduct was/is accomplished with the advance knowledge and design of Defendants herein.

75.    Defendant failed to properly include items of remuneration when determining Plaintiff's regular rate of pay, this includes but is not limited to the failure to include all non-discretionary production commission bonuses paid to Plaintiff and the California Class.

76.    Plaintiff and the California Class was employed and requires as a matter of established company policy and design to work, and in fact worked, in excess of eight (8) hours per day and/or in excess of forty (40) hours per week. Defendants employed and worked Plaintiff and the California Class without providing overtime compensation for such excess hours worked in violation of Labor Code §§ 510, 511 and 1194 and the relevant California Industrial Welfare Commission (IWC) orders, including but not limited to, daily and weekly overtime payments. The California overtime requirement and wage requirement are non-waivable rights pursuant to LC §219.

77.    Pursuant to Labor Code § 1198, it is unlawful to employ persons for longer than the hours set by the IWC or under conditions prohibited by the applicable IWC Wage Orders. IWC Wage Order No. 4, as amended, applies to Plaintiff.

78.    On information and belief and at all relevant times, Defendant has treated Plaintiff and the California Class as an hourly non-exempt employee despite misclassifying Plaintiff and the California Class as exempt. Defendant has willfully violated the Labor Code with respect to meeting the requirements of paying all wages earned, including minimum wages, reporting time pay, straight time pay, overtime, and remuneration when calculating Plaintiff's regular rate of pay.

17

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

79.     Defendants, and each of them, consistently administered a corporate policy which required Plaintiff and the California Class to work overtime without proper premium overtime pay at the regular rate of pay. Defendant consistently administered a corporate policy which required Plaintiff and the California Class to work double time without proper premium double time pay at the regular rate of pay. Defendant consistently administered a corporate policy which required Plaintiff to work seven consecutive days in a workweek without seventh day premium pay at the regular rate of pay.

80.     Plaintiff and the California Class have been deprived of his rightfully earned overtime, double time and seventh day premium compensation as a direct and proximate result of Defendant's policies, practices, and refusal to pay the full amount of compensation earned for all overtime, double time, and seventh day premium hours worked at the correct regular rate of pay.

81.     Plaintiff and the California Class are entitled to and seeks the full amount of all earned unpaid overtime, double time, and seventh day premium pay owed to him based on the correct regular rate of pay, attorneys' fees and costs, and interest pursuant to LC §1194 in an amount to be proved at trial.

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

#### Violation of Labor Code §§226.7, 512, & IWC Wage Order No. 4-2001

##### Against all Defendants on behalf of Plaintiff and the California Class

82.     Plaintiff re-alleges and incorporates by reference each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

83.     Labor Code §226.7 requires an employer to pay one additional hour of compensation, at the regular rate of pay, per day for each meal period the employer fails to provide pursuant to the Labor Code and/or applicable Wage Order.  Plaintiff alleges that Defendants failed to provide legally compliant meal periods to him and the California Class due to Defendants impeding, discouraging, and/or dissuading Plaintiff and the California Class from

18

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

1  taking legally compliant meal periods.

2      84.    Pursuant to <u>Labor Code</u> §512 and the applicable Wage Order, employees are

3  entitled to a meal period of at least thirty (30) minutes per five (5) hour work period. Plaintiff

4  and the California Class consistently worked over five (5) hour shifts without meal periods due

5  to Defendant's policy of discouraging, dissuading and/or impeding Plaintiff from taking meal

6  periods.

7      85.    WO 4-01 applies to businesses operated for the purposes of providing insurance

8  claim services and provides, in pertinent part, that if an employer fails to allow an employee to

9  take meal periods in accordance with the applicable provisions of this Order, the employer shall

10  pay the employee one hour of pay at the employee's regular rate of compensation for each

11  workday that the meal period was not provided.

12      86.    During the relevant time period, Defendant failed to authorize and permit

13  uninterrupted meal breaks prior to completing five (5) continuous hours of work with

14  Defendant's knowledge or acquiescence.

15      87.    Defendant failed to comply with the required meal periods by not authorizing

16  and/or permitting Plaintiff and the California Class meal periods as required and established by

17  <u>Labor Code</u> §512 and §11 of WO 4-01.

18      88.    By its actions in requiring Plaintiff to work more than five (5) hours, or work an

19  entire shift without a meal period, or more than ten (10) hours without a second meal period,

20  and/or its failure to relieve Plaintiff and the California Class of his duties during meal periods,

21  Defendant violated California Labor Code §226.7 and §11 of WO 4-01, and are liable to Plaintiff

22  and the California Class.

23      89.    Defendant failed to provide, impeded and/or discouraged Plaintiff and the

24  California Class from taking timely and compliant meal breaks of not less than thirty (30)

25  minutes as required by the <u>Labor Code</u> and WO 4-01.

26      90.    Pursuant to <u>Labor Code</u> §226.7, Plaintiff and the California Class are entitled to

27  damages in an amount equal to one (1) hour of wages per meal break violation per day, in a sum

28  to be proven at trial.

19

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

91.     Pursuant to <u>Labor Code</u> §218.5, Plaintiff requests that the court award reasonable attorneys' fees and costs incurred by this action.

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS

**Violation of Labor Code §§226.7, 512, & IWC Wage Order No. 4-2001**

**Against all Defendants on behalf of Plaintiff and the California Class**

92.     Plaintiff re-alleges and incorporates by reference each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

93.     <u>Labor Code</u> §226.7, and §12 of WO 4-01, requires employers to authorize and permit all employees to take paid rest periods at the rate of ten (10) minutes rest per four (4) hours worked or major faction thereof.

94.     <u>Labor Code</u> §226.7(b) requires employers to pay one additional hour of compensation, at the regular rate of pay, per day for each rest period the employer fails to provide pursuant to the <u>Labor Code</u> and/or applicable Wage Order.

95.     During the relevant time period, Defendant failed to provide legally compliant rest periods to Plaintiff and the California Class.  Plaintiff alleges that Defendant failed to provide legally compliant rest periods by impeding, discouraging, and/or dissuading Plaintiff and the California Class from taking legally compliant paid rest periods.

96.     Defendant systematically and uniformly failed and/or refused to implement a relief system and appropriate work load by which Plaintiff and the California Class could receive paid rest breaks and/or work free rest breaks for every four (4) hours worked or major fraction thereof. By and through its actions, Defendant intentionally and improperly denied paid rest periods to Plaintiff and the California Class in violation of <u>Labor Code</u> §226.7.

97.     During the relevant time period, Plaintiff worked at least two (2) and one-half (1/2) hours and regularly worked more than four (4) hours in a workday.

98.     WO 4-01 applies to business operated for the purposes of providing insurance claim services and provides, that if an employer fails to allow an employee to take rest periods in

20

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

1  accordance with the applicable provisions of this Order, the employer shall pay the employee

2  one hour of pay at the employee's regular rate of compensation for each workday that a rest

3  period was not provided. The authorized paid rest period is based on the total hours worked daily

4  at the rate of ten minutes net rest time per four hours or major faction thereof.

5       99.    During the relevant time period, Defendant failed to authorize and permit paid

6  rest breaks. Plaintiff and the California Class was routinely required to work through their paid

7  rest breaks and/or was not provide a paid rest break at the direction of Defendant and/or with

8  Defendant's knowledge or acquiescence. Defendant routinely and willfully required failed to

9  provide Plaintiff and the California Class paid rest breaks.

10       100.   By its actions, Defendant violated California Labor Code §226.7 and §12 of WO

11  4-01, and are liable to Plaintiff and the California Class.

12       101.   As a result of the unlawful acts of Defendant, Plaintiff and the California Class

13  have been deprived of compliant rest breaks and is entitled to recovery under Labor Code

14  §226.7(b) and §12 of WO 4-02, in the amount of one additional hour of pay at his regular rate of

15  pay for each day a paid rest break was not provided.

16       102.   Pursuant to <u>Labor Code</u> §218.5, Plaintiff requests that the court award reasonable

17  attorneys' fees and costs incurred by this action.

18                  **FIFTH CAUSE OF ACTION**

19      **FAILURE TO PAY ALL WAGES DUE AT SEPARATION**

20        **Violation of Labor Code §§200,** *et seq.***; 203**

21      **Against all Defendants on behalf of Plaintiff and the California Class**

22       103.   Plaintiff re-alleges and incorporates by reference each and every one of the

23  allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set

24  forth herein.

25       104.   Plaintiff and the California Class members' employment with Defendant that

26  ended were entitled to be promptly paid all earned and unpaid wages at the time employment

27  was terminated, as required pursuant to <u>Labor Code</u> §§201 and 202, *et seq*. Defendant refused

28  and/or intentionally failed to promptly compensate Plaintiff and the California Class all earned

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

1 minimum wages, straight time wages, overtime wages, double time wages and/or meal and rest

2 period premium pay at the time of separation. Plaintiff seeks statutory waiting time penalties

3 pursuant to LC §203 on behalf of himself and the California Class.

4     105.   Plaintiff and the California Class were an employee of Defendant covered by

5 Labor Code §203 whose employment ended with Defendant.

6     106.   Accordingly, pursuant to Labor Code §203, Plaintiff and the California Class are

7 entitled to waiting time penalties at an amount to be proven at trial, attorneys' fees and costs, and

8 interest.

9 **SIXTH CAUSE OF ACTION**

10 **FAILURE TO REIMBURSE BUSINESS EXPENSES**

11 **In Violation of Labor Code §§2802, 2804 *et seq.***

12 **Against all Defendants on behalf of Plaintiff and the California Class**

13     107.   Plaintiff re-alleges and incorporates by reference each and every one of the

14 allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set

15 forth herein.

16     108.   Pursuant to Labor Code §2802, "An employer shall indemnify his or her

17 employee for all necessary expenditures or losses incurred by the employee in direct

18 consequence of the discharge of his or her duties, or of his or her obedience to the directions of

19 the employer."

20     109.   Pursuant to Labor Code §2804, "Any contract or agreement, express or implied,

21 made by any employee to waive the benefits of this article or any part thereof, is null and void,

22 and this article shall not deprive any employee or his personal representative of any right or

23 remedy to which he is entitled under the laws of this State."

24     110.   Plaintiff and the California Class have incurred necessary expenditures in direct

25 consequence of the discharge of his duties to Defendant and/or his obedience to Defendant's

26 directions, for which he has not been reimbursed including, but not limited to, automobile

27 expenses, mileage reimbursement and camera expenses, etc.

28     111.   Defendant's actions in requiring Plaintiff and the California Class to expend

22

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

money in the discharge of their duties, but failing to fully indemnify and reimburse Plaintiff and the California Class for those expenses, is unlawful under the laws and regulations of the State of California.

112.   Any employment agreement with Plaintiff and the California Class that waives the right to be indemnified for the reimbursement of expenses is null and void.

113.   During the relevant time period, Defendant has wrongfully withheld indemnification for the expenses incurred by Plaintiff and the California Class and/or made improper and unauthorized deductions from Plaintiff and the California Class.  In violation of California law, Defendant has systematically, knowingly, and willfully refused to perform its obligations to indemnify and reimburse Plaintiff and the California Class.

114.   As a direct result, Plaintiff and the California Class has suffered, and continues to suffer, substantial losses related to the use and enjoyment of such money, lost interest on such money, and expenses and attorneys' fees, expenses, and costs of suit.

115.   Plaintiff and the California Class are entitled to recover, and seeks, an award from Defendant of the full amount of all unreimbursed necessary expenditures and lost wages, plus interest on all such amounts, injunctive relief, reasonable attorney's fees and costs of suit, and all other appropriate remedies provided by Labor Code §2802, or any other provision of the Labor Code, and IWC Wage Orders.

**SEVENTH CAUSE OF ACTION**

**WAGE THEFT AND UNLAWFUL DEDUCTION OF WAGES**

**(Violation of Labor Code §§ 218.5, 219, 221, 223, and 224)**

**Against all Defendants on behalf of Plaintiff and the California Class**

116.   Plaintiff re-alleges and incorporates by reference each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

117.   Labor Code §219(a) provides that: "Nothing in this article shall in any way limit or prohibit the payment of wages at more frequent intervals, or in greater amounts, or in full when or before due, but no provision of this article can in any way be contravened or set aside by

23

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

1  a private agreement, whether written, oral, or implied."

2  118.  Labor Code §221 provides that: "It shall be unlawful for any employer to collect

3  or receive from an employee any part of wages theretofore paid by said employer to said

4  employee." Labor Code §221 rights are nonnegotiable and cannot be waived by the parties.

5  *Sciborski v. Pac. Bell Directory*, 205 Cal.App.4th 1152, 1166 (2012).

6  119.  Labor Code §223 prohibits an employer from paying a lower wage while

7  purporting to pay a wage designated by statute or by contract. Labor Code §223 rights are

8  nonnegotiable and cannot be waived by the parties pursuant to Labor Code §219.

9  120.  Labor Code §224 prohibits deductions by employers not otherwise authorized by

10  state or federal law or expressly authorized in writing by the employee if for the benefit of the

11  employee.

12  121.  Industrial WO 4-01 §8 provides that no employer shall make any deduction from

13  the wage or require any reimbursement from an employee for any cash shortage . . . unless it can

14  be shown that the shortage, breakage, or loss is caused by a dishonest or willful act, or by the

15  gross negligence of the employee.

16  122.  These statutes, along with California's fundamental public policy protecting

17  wages, prohibit employers from subjecting employees to unanticipated or unpredicted reductions

18  and/or deductions in their wages.

19  123.  Plaintiff is informed, believes and alleges that Defendant's policy and practice

20  was to unlawfully deduct a percentage of Plaintiff and the California Class' pay, without

21  authorization, and for collecting and/or receiving from Plaintiff and the California Class a part of

22  his wages theretofore paid.

23  124.  Plaintiff is informed, believes and alleges that Defendant's policy and practice

24  was to unlawfully deduct and retain a percentage of Plaintiff and the California Class' pay that

25  resulted in an underpayment to Plaintiff and the California Class pursuant to the wage designated

26  by the parties' commission agreement contract.

27  125.  Plaintiff is informed, believes and alleges that Defendant's policy and practice

28  was to deduct and retain a percentage of Plaintiff and the California Class' wages. Defendant's

24

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

1   deducted and retained this commission resulting in a commission percentage paid less than the

2   commission agreement.  Plaintiff and the California Class never expressly authorized, in writing,

3   for Defendant to make these deductions.  Plaintiff and the California Class were never paid the

4   earned commission percentages retained by Defendants.

5        126.    Plaintiff is informed, believes and alleges that Defendant's policy and practice

6   was to pay Plaintiff and the California Class their earned commission and then debit Plaintiff and

7   the California Class earned commission as a chargeback.  Plaintiff and the California Class

8   earned commission that was retained by Defendant and never paid to Plaintiff and the California

9   Class.  Plaintiff and the California Class never expressly authorized, in writing, for Defendant to

10   make these deductions.

11        127.    Defendants' conduct violates Labor Code §§221, 223, 224 and WO 4-01 §8.

12        128.    As a proximate cause of the aforementioned violations, Plaintiff and the

13   California Class have been damaged in an amount according to proof at time of trial.  Plaintiff

14   and the California Class are entitled to recover the unpaid balance of wages owed, interest, and

15   attorneys' fees and costs.

16   **EIGHTH CAUSE OF ACTION**

17   **UNFAIR COMPETITION**

18   **Violation of Business and Professions Code §§17200 *et seq.***

19   **Against all Defendants on behalf of Plaintiff and the California Class**

20        129.    Plaintiff re-alleges and incorporates by reference each and every one of the

21   allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set

22   forth herein.

23        130.    Beginning on an exact date unknown to Plaintiff but believed to have occurred at

24   least since four (4) years before the filing of this action, Defendant has engaged in a pattern and

25   practice of acts of unfair competition in violation of B&PC §17200, including the practices

26   alleged herein.

27        131.    Defendant is a "person" as defined by Business and Professions Code §17201.

28        132.    Plaintiff seeks to enforce important rights affecting the public interest. Plaintiff

25

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

1   sues on his own behalf and on behalf of the California Class and the public as Defendant

2   required Plaintiff and the California Class to work regular hours, overtime hours, double time

3   and seventh consecutive day hours without receiving minimum wage, overtime premiums,

4   double time, and seventh consecutive day premiums for all hours worked, and was required to

5   work shifts without legally compliant meal breaks and rest periods and was required to incur

6   necessary business expenses in direct consequence of the discharge of his duties and is a party

7   harmed by Defendant's unfair business practices.

8       133.    Plaintiff and the California Class suffered injuries-in-fact and has lost money as a

9   result of the Defendant's unfair competition alleged herein.

10                      **UNLAWFUL BUSINESS PRACTICES**

11      134.    Defendant previously or continues to engage in unlawful business practices, as

12  alleged in this Complaint, in violation of California's B&PC §17200 *et seq.* by:

13a Failing and refusing to pay Plaintiff and the California Class minimum wages, overtime, double

14  time and seventh consecutive day worked premium wages at the correct regular rate of pay for

15  all hours worked in violation of Labor Code §§510, 1194, 1194.2, &1197 and WO 4-01;

16b Failing and refusing to provide Plaintiff and the California Class with meal and rest breaks or

17  premium payments, at the regular rate of pay, in lieu thereof in violation of Labor Code §§226.7,

18  512 and WO 4-01; Failing and refusing to indemnify and reimburse Plaintiff and the California

19  Class for all necessary business expenses incurred as a consequence of the discharge of his duties

20  to Defendant in violation of Labor Code §§2802, 2804 and WO 4-01; Failing to pay all earned

21  commissions in violation of Labor Code §§221, 223, 224 and WO 4-01 §8.

22      135.    All of these allegations constitute unfair business practices and/or unlawful

23  business practices in violation of California B&PC §17200, *et seq.*

24      136.    Defendant has avoided payment of minimum wages, overtime, double time, and

25  seventh consecutive day worked premium wages at the correct regular rate of pay,

26  reimbursement of expenses, and other benefits as required by the California Labor Code, the

27  California Code of Regulations and applicable IWC Wage Orders.  As a result of Defendant's

28  unfair business practices, Defendant has reaped unfair benefits and illegal profits at the expense

26

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

1  of Plaintiff, and others similarly situated, and the members of the public. Defendant should be

2  made to disgorge their ill-gotten gains and restore the same to Plaintiff and the California Class.

3  **FRAUDULENT COMMISSION WAGE PAYMENT STRUCTURE**

4       137.   A practice may violate the B&PC §§17200, *et seq.*, even if it is not prohibited by

5  another statute.  A business practice is "fraudulent" under B&PC §§17200, *et seq.*, where the

6  plaintiff was likely to be deceived and suffered economic injury as a result of the deception.

7       138.   Plaintiff is informed, believes and alleges that Defendant engineered a deception,

8  subterfuge, and scheme to avoid paying Plaintiff and the California Class the full value of his

9  bargained for commission wages.

10      139.   Plaintiff is informed, believes and alleges that Defendant unlawfully deducted and

11  retained a percentage of Plaintiff and the California Class' pay that resulted in unlawful

12  chargebacks and underpayments to Plaintiff and the California Class pursuant to the wage

13  designated by the parties' commission agreement contract.

14      140.   Plaintiff is informed, believes and alleges that Defendant's policy and practice

15  was to unlawfully deduct a percentage of Plaintiff and the California Class' pay, without

16  authorization, and for collecting and/or receiving from Plaintiff and the California Class as part

17  of their wages theretofore paid.

18      141.   Plaintiff is informed, believes and alleges that Defendant's policy and practice

19  was to unlawfully deduct and retain a percentage of Plaintiff and the California Class pay that

20  resulted in an underpayment to Plaintiff and the California Class pursuant to the wage designated

21  by the parties' commission agreement contract.

22      142.   Plaintiff is informed, believes and alleges that Defendant's policy and practice

23  was to deduct and retain a percentage of Plaintiff and the California Class' commission.  Plaintiff

24  and the California Class never expressly authorized, in writing, for Defendant to make such

25  percentage deductions.  Plaintiff and the California Class were never paid these earned

26  commission percentages retained by Defendant.

27      143.   Plaintiff is informed, believes and alleges that Defendant's policy and practice

28  was to pay Plaintiff and the California Class their earned commission and then debit Plaintiff and

27

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

the California Class a percentage of their earned commission to offset Defendant's wage obligations. Plaintiff and the California Class never expressly authorized, in writing, for Defendants to make these deductions.

144.   Plaintiff is informed, believes and alleges that the mathematical result of these practices is that Plaintiff and the California Class were underpaid his earned commissions pursuant to the parties' commission contract. Thereby Defendant is able to reduce its overhead and operating expenses and again an unfair advantage over competing companies that comply with California state law.

145.   Plaintiff is informed, believes and alleges that Defendant's engineered indebtedness in order to avoid compensating Plaintiff and the California Class with their full earned wages.

146.   Plaintiff is informed, believes and alleges that Defendant's actual pay practice was not stated, detailed, explained, or outlined in the parties' commission contract. Plaintiff and the California Class was not aware that he would be subjected to engineered deductions and/or secret underpayments or that Defendant's would retain a portion of his earned commission wages.

147.   Plaintiff is informed, believes and alleges that due to Defendant's deceptive payment practice and engineered indebtedness, Plaintiff and the California Class suffered economic injury in the form of unpaid earned commission wages and claimed indebtedness to Defendant.

## UNFAIR COMMISSION WAGE PAYMENT STRUCTURE

148.   A practice may violate the B&PC §§17200, *et seq.*, even if it is not prohibited by another statute. The "unfair" prong of B&PC §§17200, *et seq.*, is intentionally broad to allow the Courts maximum discretion to prohibit new schemes to defraud individuals. Under the "unfair" prong, the business practice and the utility of Defendant's conduct is weighed against the gravity of the harm to the alleged victim. The "unfairness" prong has been used to enjoin deceptive or sharp practices.

149.   Plaintiff is informed, believes and alleges that Defendant's engineered a

28

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

1 | deception, subterfuge, and scheme to avoid paying Plaintiff and the California Class the full
2 | value of their bargained for commission wages.

3 |     150.    Plaintiff is informed, believes and alleges that Defendant's unlawfully deducted
4 | and retained a percentage of Plaintiff's pay that resulted in unlawful chargebacks and
5 | underpayments to Plaintiff and the California Class pursuant to the wage designated by the
6 | parties' commission agreement.

7 |     151.    Plaintiff is informed, believes and alleges that Defendant's policy and practice
8 | was to unlawfully deduct a percentage of Plaintiff and the California Class' pay, without
9 | authorization, and for collecting and/or receiving from Plaintiff and the California Class a part of
10 | their wages theretofore paid and/or owed.

11 |     152.    Plaintiff is informed, believes and alleges that Defendant's policy and practice
12 | was to unlawfully deduct and retain a percentage of Plaintiff and the California Class' pay that
13 | resulted in an underpayment to Plaintiff and the California Class pursuant to the wage designated
14 | by the parties' commission agreement contract.

15 |     153.    Plaintiff is informed, believes and alleges that Defendant's policy and practice
16 | was to automatically deduct and retain a percentage of Plaintiff and the California Class'
17 | commission. Defendant deducted and retained this commission without express written
18 | authorization for Defendant to make these deductions. Plaintiff and the California Class were
19 | never paid these earned commission percentages retained by Defendant.

20 |     154.    Plaintiff is informed, believes and alleges that Defendant's policy and practice
21 | was to pay Plaintiff and the California Class their earned commission and then debit Plaintiff a
22 | percentage of his earned commission to offset Defendant's wage obligations. Plaintiff and the
23 | California Class never expressly authorized, in writing, for Defendants to make these deductions.

24 |     155.    Plaintiff is informed, believes and alleges that the mathematical result of these
25 | practices is that Plaintiff and the California Class were underpaid their earned commissions
26 | pursuant to the parties' commission contract. Thereby Defendant is able to reduce its overhead
27 | and operating expenses and again an unfair advantage over competing companies that comply
28 | with California state law.

29

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

156.   Plaintiff is informed, believes and alleges that Defendant's engineered indebtedness in order to avoid compensating Plaintiff and the California Class with his full earned wages.

157.   Plaintiff is informed, believes and alleges that Defendant's actual pay practice was not stated, detailed, explained, or outlined in the parties' commission contract. Plaintiff and the California Class were not aware that he would be subjected to engineered indebtedness.

158.   Plaintiff is informed, believes and alleges that due to Defendant's deceptive pay practices, Plaintiff and the California Class suffered economic injury in the form of unpaid earned commission wages.

159.   Plaintiff is informed, believes and alleges that due to Defendant's deceptive and unfair payment practice and engineered indebtedness, Plaintiff and the California Class suffered economic injury in the form of unpaid earned commission wages retained by Defendant.

160.   Plaintiff is informed, believes and thereon alleges that the usefulness of Defendants' payment practice is outweighed by the engineered economic harm it incurred upon Plaintiff.

161.   Plaintiff, on behalf of himself and the California Class, seeks full restitution of said monies, as necessary and according to proof, to restore any and all monies withheld and/or acquired by Defendant by means of their unfair, unlawful, and fraudulent business practices complained of herein. Plaintiff seeks restitution of monies retained by Defendant. Plaintiff, on behalf of himself and the California Class, further seeks the appointment of a receiver, as necessary, to establish the total restitutionary relief from Defendant. The restitution includes all wages withheld by Defendant as a result of the unfair, unlawful, and/or fraudulent business practices; including interest thereon. Absent a statutory provision specifically governing the type of claim at issue, the prejudgment interest rate is 10 percent. The acts complained of herein occurred, at least in part, within the last four (4) years preceding the filing of the Complaint.

162.   On information and belief and during the relevant times herein mentioned, Defendants have, Defendant engaged in unlawful, deceptive, and unfair business practices prohibited by California B&PC §17200, thereby depriving their employees and Plaintiff, the

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

minimum working condition, standards and conditions due to them under the California labor laws and Industrial Welfare Commission wage orders as specifically described herein. Plaintiff, on behalf of himself and the California Class, further seeks an order requiring Defendant to timely pay restitution including back wages and interest for Defendant's ill-gotten gains from Plaintiff and the California Class.

163.    By and through its unfair, unlawful, and/or fraudulent business practices and acts described herein, Defendant obtained valuable services from Plaintiff and the California Class and deprived them of valuable rights and benefits guaranteed by law, all to the detriment of them and the general public.

164.    Plaintiff, on behalf of himself and the California Class, is entitled to and does seek such relief as may be necessary to restore him the money and property which Defendant acquired, or of which Plaintiff and the California Class have been deprived, by the means herein described as unfair, unlawful, and/or fraudulent business practices.

165.    Plaintiff, on behalf of himself and the California Class, is further entitled to and does seek a declaration that the above described business practices are unfair, unlawful, and/or fraudulent, and declaratory relief of Defendant engaging in any of the herein described unfair, unlawful, and/or fraudulent business practices.

166.    Plaintiff, on behalf of himself and the California Class, requests attorney's fees and costs pursuant to Code of Civil Procedure §1021.5 since this action is brought to vindicate important rights of the public and/or such fees should not in the interest of justice be paid out of the recovery, if any.

## NINTH CAUSE OF ACTION

### FAIR LABOR STANDARDS ACT

(Violation of 29 U.S.C. §201, *et seq.*)

Against all Defendants on behalf of Plaintiff and the Collective Class

167.    Plaintiff re-alleges and incorporates by reference each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

31

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

Pursuant to the FLSA, 29 U.S.C. § 206, Plaintiffs and the Collective Class members were entitled to receive minimum wages for all hours worked. At all relevant times as set forth herein, Defendant violated Plaintiff and the Collective Class members' rights by failing to pay them minimum wages for all hours worked in violation of 29 C.F.R. 516.2.

168.   At all relevant time, Defendant was an "employer" engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant time, Defendant employee employees, including Plaintiff and each member of the Collective Class.

169.   Plaintiff consents in writing to be a part of this action pursuant to 29 U.S.C. §216(b). AS this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

170.   At all relevant times as set forth herein, Defendants' failure to pay Plaintiff and the Collective Class members' minimum wages for all hours worked as required by the FLSA, violated the provisions of the FLSA and was therefore unlawful. Moreover, Defendant's failure to pay Plaintiff and the Collective Class members' minimum wages was and is a result of a single, uniform policy or practice to deny minimum wage compensation to them.

171.   At all relevant times as set forth herein, Defendant's failure to pay Plaintiff and the Collective Class members was the result of Defendant's willful, knowing, and intentional violation of the provisions of the FLSA, or alternatively, the result of Defendant's reckless disregard of the requirements of those provisions.

172.   As a result of Defendant's unlawful conduct, Plaintiff and the Collective Class members have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours actually worked.

173.   Pursuant to FLSA, 29 U.S.C. §216(b), Plaintiff and the Collective Class members are entitled to recover the full amount of unpaid minimum wages as well as liquidated damages equal to the amount of unpaid compensation, interest, costs, and attorneys' fees.

///

///

///

32

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

**TENTH CAUSE OF ACTION**

**FAIR LABOR STANDARDS ACT**

(Violation of 29 U.S.C. §201, *et seq.*)

Against all Defendants on behalf of Plaintiff and the Collective Class

174.   Plaintiff re-alleges and incorporates by reference each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

175.   At all relevant time, Defendant was an "employer" engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant time, Defendant employee employees, including Plaintiff and each member of the Collective Class.

176.   Plaintiff consents in writing to be a part of this action pursuant to 29 U.S.C. §216(b).  AS this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

177.   The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for worked performed in excess of forty hours per work week.

178.   Plaintiff and the Collective Class are entitled to be paid overtime compensation at the correct regular rate of pay for all overtime hours worked.

179.   Defendant, pursuant to its policies and practices, failed and refused to pay overtime premiums at the correct regular rate of pay to Plaintiff and the Collective Class for all their overtime hours worked.

180.   By failing to compensate Plaintiff and the Collective Class overtime compensation, Defendant violated the FLSA, 29 U.S.C. §§201, *et seq.*

181.   By failing to record, report, and/or preserve records of hours worked by Plaintiff and the Collective Class, Defendant failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§201, *et seq.*

182.   The foregoing conduct, as alleged, constitutes a willful violation of the FLSA,

33

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

1    within the meaning of 29 U.S.C. §255(a).

2       183.    Plaintiff, on behalf of himself and the Collective Class, seeks damages in the

3   amount of their respective unpaid overtime compensation and liquidated damages as provided by

4   the FLSA, 29 U.S.C. §216(b), interest, and such other legal and equitable relief as the Court

5   deems just and proper.

6       184.    Plaintiff, on behalf of himself and the Collective Class, seeks recover of

7   attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. §216(b).

8                   **VI.**    **PRAYER FOR RELIEF**

9   WHEREFORE, Plaintiffs, the Collective Class, and the California Class pray for judgment as

10   follows:

11     1.   An order the action be certified as a class action;

12     2.   An order that Plaintiff be appointed class representative;

13     3.   An order that counsel for Plaintiffs be appointed class counsel;

14     4.   An order requiring Defendants to identify, by name, address and telephone number each

15        person who worked as a California claims adjuster for Defendant from four (4) years

16        before filing this complaint through the time of judgment;

17     5.   Designation of this action as a collective action on behalf of the Collective Class and

18        prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members

19        of the Collective Class, apprising them of the pendency of this action, and permitting

20        them to assert timely FLSA claims in this action by filing individual Consent to Join

21        forms pursuant to 29 U.S.C. §216(b);

22     6.   For all unpaid minimum wages, overtime wages, and liquidated damages due to Plaintiff,

23        the Collective Class and the California Class in amounts to be proven at trial;

24     7.   For all unpaid overtime, double time, and seventh consecutive day worked wages, at the

25        appropriate regular rate of pay, in an amount to be proven at trial;

26     8.   For all unreimbursed expenses improperly charged against Plaintiff and the California

27        Class;

28     9.   For restitution of all unpaid wages due to Plaintiff and the California Class;

34

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

10. For restitution of all expenses improperly charged against Plaintiff and the California Class;

11. For all applicable statutory penalties, in amounts to be proven at trial;

12. For an award of waiting time penalties pursuant to section 203 of the California Labor Code, in amounts to be proven at trial;

13. For an award of damages in an amount according to proof with interest thereon;

14. For compensatory and general damages in an amount according to proof;

15. For pre-judgment interest as allowed by Labor Code §§218.6 and 1194(a) as well as Cal. Civil Code §3287 and to the extent permitted by law, the California Constitution, and/or deemed equitable by the Court;

16. For declaratory relief that Defendants violated Labor Code §§201-203, 226, 226.7, 510, 512, 1194, 1194.2, 1197, and 2802, 2804;

17. For restitution of all moneys due to Plaintiffs and Class members, and disgorged profits from the unlawful and/or unfair business practices of Defendants, pursuant to California Business & Professions Code §17200;

18. For an award of reasonable attorneys' fees, costs and interest thereon pursuant to Cal. Code of Civil Procedure section 1021.5; Labor Code sections 218.5, 1194, 2802(c), 29 U.S.C. §216 and/or all other applicable law;

19. For one (1) hour of pay at each of the employees' regular rate of compensation for each workday that a legally compliant meal break was not provided, impeded, discouraged, and/or dissuaded;

///
///
///
///
///
///

35

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

20. For one (1) hour of pay at each of the employees' regular rate of compensation for each workday that a legally compliant rest break was not provided, impeded, discouraged, and/or dissuaded;

24. For such other and further relief as this Court deems just and proper.

Dated: 10/20/2017

Respectfully Submitted,
**THE MYERS LAW GROUP, A.P.C.**

By:

David P. Myers
Robert M. Kitson
Jason Hatcher
Attorneys for LESLIE BILLINGS

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>─ David P. Myers(SBN206137); Jason Hatcher (SBN 285481)<br>THE MYERS LAW GROUP, APC<br>9327 Fairway View Place, Ste. 100<br>Rancho Cucamonga, CA 91730<br>TELEPHONE NO: (909) 919 - 2027     FAX NO: (888) 375 - 2102<br>ATTORNEY FOR (Name): Plaintiff LESLIE BILLINGS | FOR COURT USE ONLY<br>**ELECTRONICALLY FILED**<br>8/22/2017 12:09 PM<br>**Kern County Superior Court**<br>**Terry McNally**<br>**By Geena Taylor, Deputy** |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   KERN
STREET ADDRESS: 1415 TRUXTUN AVENUE
MAILING ADDRESS: 1415 TRUXTUN AVENUE
CITY AND ZIP CODE: BAKERSFIELD, 93301
BRANCH NAME: METROPOLITAN DIVISION

CASE NAME:
LESLIE BILLINGS V. RYZE CLAIM SOLUTIONS, LLC., ET AL

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER<br>BCV-17-101949 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE<br><br>DEPT |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint (not specified above) (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition (not specified above) (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ☑ is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties       d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
          issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence           f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.☑ monetary   b.☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (specify): 9
5. This case ☐ is  ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: August 22, 2017

Jason Hatcher, Esq.
_____                              _____
(TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**