UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LESLIE BILLINGS, ) | |
| ) | |
| *Plaintiff/Counter Defendant*, ) | |
| ) | No. 1:18-cv-01767-JMS-MJD |
| *vs.* ) | |
| ) | |
| RYZE CLAIM SOLUTIONS, LLC, ) | |
| ) | |
| *Defendant/Counter Claimant.* ) | |

## ORDER

Plaintiff Leslie Billings brought this putative class action against Defendant Ryze Claim Solutions, LLC ("Ryze"), alleging that Ryze inappropriately exempted its claims adjusters from the minimum and overtime wage requirements of the Fair Labor Standards Act ("FLSA"), among other things. The Court previously granted Ryze's Motion for Summary Judgment on Mr. Billings' FLSA claims, ordered the parties to show cause why Mr. Billings' remaining claims should not be transferred to the United States District Court for the Eastern District of California for further proceedings, and, ultimately, transferred the case to the Eastern District of California. After the Seventh Circuit Court of Appeals granted Ryze's Petition for Writ of Mandamus and found that transfer to the Eastern District of California was not appropriate, the case was transferred back to this Court for further proceedings. The parties have now briefed the issue of whether the Court should exercise supplemental jurisdiction over the remaining claims, and this Order discusses that issue.

**I.**
**BACKGROUND**

The Court has set forth the background of this litigation in several previous Orders, [*see* Filing No. 100 at 5-9; Filing No. 101 at 1-2; Filing No. 105 at 1-3], and will not do so extensively

here. The following background information, however, is particularly relevant to the issue of whether the Court should retain supplemental jurisdiction over the remaining claims.

Mr. Billings, a former employee of Ryze, originally filed this putative class action in California state court, alleging that Ryze failed to comply with various requirements imposed by California law and asserting claims based on Ryze's failure to pay minimum wages, provide mandatory meal and rest breaks, reimburse business expenses, and provide accurate wage statements, among other things. [Filing No. 1-1 at 4-29.] On October 20, 2017, Mr. Billings filed an Amended Complaint in state court, adding claims under the FLSA for failure to pay minimum and overtime wages. [Filing No. 1-1 at 30-65.] On December 1, 2017, Ryze removed this matter to the Eastern District of California based on the federal question raised by Mr. Billings' FLSA claim. [Filing No. 1.] On June 8, 2018, the case was transferred to this Court, over Mr. Billings' objection, based on a forum selection clause in Mr. Billings' employment agreement with Ryze, which required Mr. Billings to bring any claims against Ryze in either Marion County, Indiana state court, Hamilton County, Indiana state court, or this Court. [Filing No. 19.]

On June 18, 2019, this Court granted a Motion for Summary Judgment filed by Ryze, which related only to Mr. Billings' FLSA claims. [Filing No. 100.] Mr. Billings' eight state-law claims and Ryze's four state-law counterclaims remained for resolution, along with the portion of Mr. Billings' Motion to Certify Combined Class Action and FLSA Collective Action that did not relate to the FLSA claims. [Filing No. 1-1 at 42-60; Filing No. 63; Filing No. 71 at 16-22.] Also on June 18, 2019, the Court issued an Order to Show Cause, directing the parties to address why the case should not be transferred to the Eastern District of California. [Filing No. 101.] The parties briefed that issue, and the Court ultimately concluded that the interests of justice warranted transfer of the case to the Eastern District of California. [Filing No. 105.]

On August 3, 2020, the Seventh Circuit granted Ryze's Petition for Writ of Mandamus, finding that the Court should not have transferred the case to the Eastern District of California after granting Ryze's Motion for Summary Judgment on Mr. Billings' FLSA claims. [Filing No. 108.] The case was transferred back to this Court and on February 16, 2021, the Magistrate Judge issued an Order requiring the parties to file a joint statement demonstrating whether the Court has diversity jurisdiction over the remaining claims in this matter. [Filing No. 115.] Ryze eventually filed a Supplemental Statement on Diversity Jurisdiction and Motion for Leave for the Parties to Brief Supplemental Jurisdiction, in which it stated that it is "unable to demonstrate diversity jurisdiction in this Court." [Filing No. 132 at 1.] Because the absence of diversity jurisdiction means that only supplemental jurisdiction exists as a basis for jurisdiction, and recognizing that the exercise of supplemental jurisdiction is discretionary, Ryze requested that the parties be permitted to submit briefing regarding the Court's exercise of supplemental jurisdiction. [Filing No. 132.] The Court granted Ryze's Motion for Leave for the Parties to Brief Supplemental Jurisdiction, and ordered the parties to file briefs addressing whether the Court should exercise supplemental jurisdiction over the remaining claims and, specifically, the nature of the Court's order should the Court decline to exercise supplemental jurisdiction. [Filing No. 134 at 2.] That issue is now fully briefed, [Filing No. 138; Filing No. 143], and ripe for the Court's consideration.

## II.
### DISCUSSION

In its brief, Ryze argues that the Court should exercise its discretion to retain supplemental jurisdiction over the remaining claims in this action. [Filing No. 138 at 11.] It asserts that judicial efficiency favors the exercise of supplemental jurisdiction, noting that this case has been pending in this Court for nearly 33 months, and that the parties have engaged in seven months of class discovery pursuant to the Court's Case Management Plan and have substantially completed fact

- 3 -

discovery. [Filing No. 138 at 13-14.] Ryze notes that the Magistrate Judge has held multiple hearings on discovery and pleading issues, and that "the Court and its staff has expended its time and resources analyzing a fully briefed motion for class and collective certification…support[ed] by evidence collected during the seven-month class discovery period (not to mention a fully briefed motion for summary judgment on Billings' now-dismissed FLSA claims)." [Filing No. 138 at 14-15.] Ryze also argues that the parties bargained for a forum selection clause specifying Indiana as the appropriate forum for the resolution of Mr. Billings' claims, and that two courts have found that the forum selection clause is valid and binding. [Filing No. 138 at 15.] It notes that discovery and briefing on the issue of class certification have been nearly completed, so no party will be prejudiced by the Court exercising supplemental jurisdiction, and that "the class certification issue is simple and obvious due to [Mr.] Billings' inability to meet Rule 23's numerosity requirement." [Filing No. 138 at 16-17.] Finally, Ryze argues that it is not clear whether Mr. Billings' state law claims would be barred by the applicable statutes of limitation if he were to re-file them in Indiana state court, and that if the Court declines to exercise supplemental jurisdiction, it would not have the authority to remand the case to Indiana state court – because the case was not removed from an Indiana state court – or to California state court – because the Court cannot effectuate a cross-jurisdictional remand. [Filing No. 138 at 18-21.]

In response, Mr. Billings focuses on the effect of a decision not to exercise supplemental jurisdiction, and only briefly addresses whether the Court should exercise supplemental jurisdiction in the first place. [*See* Filing No. 143.] Mr. Billings argues that Ryze gave notice of the case to the putative class, and that notice to the class would be required if the Court were to decline to exercise supplemental jurisdiction and dismiss Mr. Billings' remaining claims. [Filing No. 143 at 4-6 ("Given a dismissal without prejudice will end the putative class claims at a

minimum in this federal case, and there is no clear precedent for whether a successive class action may be filed under these facts, notice to the putative class is required").] Mr. Billings contends that only his claims and the claims of the putative class, and not Ryze's counterclaims, can be remanded, and that the remand would be to California state court – the state court from which the case was removed. [Filing No. 143 at 6-7.] Mr. Billings argues that the Seventh Circuit, in granting Ryze's Petition for Writ of Mandamus, "did not expressly order that this Court must retain supplemental jurisdiction to adjudicate the merits of this case." [Filing No. 143 at 11.]

28 U.S.C. § 1367 provides that a district court has supplemental jurisdiction over a claim that is "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy," but may decline to exercise supplemental jurisdiction where:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(a), (c).

"[A] court's decision whether to exercise supplemental jurisdiction over state-law claims after dismissing all federal claims is purely discretionary." *Shea v. Koehler*, 830 F. App'x 781, 783 (7th Cir. 2020) (quotation and citation omitted); *see also* 28 U.S.C. § 1367(c) ("The district courts *may* decline to exercise supplemental jurisdiction over a claim…if…the district court has dismissed all claims over which it has original jurisdiction….") (emphasis added); *Carlsbad Tech., Inc., v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009) ("With respect to supplemental jurisdiction in particular, a federal court has subject-matter jurisdiction over specified state-law claims, which it

may (or may not) choose to exercise"). Although a district court may decline to exercise supplemental jurisdiction after all federal claims have been dismissed, "it is not required to do so." *Bailey v. City of Chicago*, 779 F.3d 689, 696 (7th Cir. 2015) (quotation and citation omitted). "A district court deciding whether to retain jurisdiction pursuant to the factors set forth in § 1367(c) should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *Hansen v. Bd. of Trs. of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 608 (7th Cir. 2008) (quotation and citation omitted).

As for judicial economy, the Court notes that this action was removed to this Court in December 2017, and the Court has expended substantial judicial resources since then in ruling on various motions, and holding numerous hearings and conferences. *See Shea*, 830 F. App'x at 783 (exercise of supplemental jurisdiction appropriate where the district court had invested "substantial resources"). The parties have also invested time and resources litigating in this forum. Discovery related to class issues has been completed, and the parties are ready to brief class certification issues. *See Myers v. Cty. of Lake, Ind.*, 30 F.3d 847, 849-50 (7th Cir. 1994) ("[A] court's failure to act wisely in the exercise of [its discretion to decline to exercise supplemental jurisdiction] does not justify forcing the litigants to start from scratch in state court"). Further, should the Court decline to exercise supplemental jurisdiction over the remaining claims, additional litigation would likely ensue in California state court – the court in which this case originated and to which it would be remanded[1] – regarding the appropriate forum for this case based on the forum selection clause. The judicial economy factor weighs in favor of the Court exercising supplemental jurisdiction over the remaining claims.

---

[1] The Court is not aware of any authority which would allow it to remand this case to Indiana state court, nor have the parties presented any such authority.

The convenience factor in this case also weighs in favor of the Court exercising supplemental jurisdiction. It is true that Mr. Billings is a citizen of California and originally filed this action in California state court, so a remand to California state court would be more convenient for him than this Court retaining jurisdiction. But Mr. Billings is also subject to the forum selection clause, which specifies that the case should have been brought in Indiana. The Court does not find it significant that it would be more convenient for Mr. Billings if the Court declined to exercise supplemental jurisdiction. Additionally, the Court notes that the parties have devoted significant time and resources to litigating the case in this Court thus far. Were the Court to decline to exercise supplemental jurisdiction, some of the work that has already been done by the parties might need to be re-done in the state court that would receive the case.

Considering the fairness to the parties, the Court again recognizes the forum selection clause, which requires litigation of claims such as the ones brought in this case in Indiana. Further, if the Court declines to exercise supplemental jurisdiction, it is not clear whether Mr. Billings would be able to bring his claims in Indiana state court – as required by the forum selection clause – due to statute of limitations concerns. *See Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994) (may be appropriate to exercise supplemental jurisdiction after all federal claims have been dismissed where "the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court").

Finally, principles of comity favor the Court declining to exercise supplemental jurisdiction because the remaining claims in this case are brought under California law. However, the Court must again view this factor through the lens of the forum selection clause. Giving that clause effect will never result in a California state court deciding Mr. Billings' remaining claims in any event. The Court also notes that exercising supplemental jurisdiction over the remaining claims is

- 8 -

consistent with the Seventh Circuit's statement in its order granting Ryze's Petition for Writ of Mandamus, where it noted that the factors analyzed in connection with the venue transfer analysis "clearly require that the district court complete its adjudication of the case." [Filing No. 108 at 20.]

In short, the Court finds that the values of judicial economy, convenience, fairness, and comity – when viewed in light of the forum selection clause and its effect on where this case would ultimately end up if it were remanded – lead the Court to determine that, in its discretion, it will exercise supplemental jurisdiction over the remaining claims in this litigation.

### III.
### CONCLUSION

For the foregoing reasons, the Court, in its discretion, finds that it is appropriate to exercise supplemental jurisdiction over Mr. Billings' remaining claims. The parties are reminded of their obligations set forth in the Court's May 13, 2021 Order, [Filing No. 144], regarding the filing and briefing of a Motion for Class Certification.

Date: 6/7/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**