UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LESLIE BILLINGS, individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> RYZE CLAIM SOLUTIONS, LLC, an Indiana Limited Liability Company, f/k/a Eagle Adjusting Services, Inc. <br><br> Defendant(s). | ) <br> ) <br> ) CLASS ACTION COMPLAINT <br> ) <br> ) Case No. 1:18-cv-01767-JMS-MJD <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT CLASS**

WHEREAS, on or about January 25, 2021, the Parties entered into a Joint Stipulation of Class Action Settlement and Release ("Agreement"), which sets forth the terms and conditions of the settlement and release of certain claims against Defendant RYZE Claim Solutions, LLC (hereinafter "Defendant"); the Court having reviewed and considered the Agreement and all of the filings, records, and other submissions; the Court finds upon a preliminary examination that the Agreement appears fair, reasonable, and adequate, and that a hearing should and will be held after notice to the Settlement Class in order to confirm that the settlement is fair, reasonable, and adequate, and to determine whether the Settlement Order and Final Judgment should be entered in this Action pursuant to the terms and conditions set forth in the Agreement ("Final Approval Hearing").

**THEREFORE, THE COURT FINDS AND CONCLUDES AS FOLLOWS:**

1

1.     This Court has jurisdiction over the subject matter of this Action and personal jurisdiction over the Parties and the Settlement Class.

2.     The Court finds that (a) the Agreement resulted from arm's-length negotiations, with participation of an experienced neutral – Magistrate Judge Mark J. Dinsmore, and (b) the Agreement is sufficient to warrant notice of the Settlement and the Final Approval Hearing to the members of the Settlement Class.

3.     Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of settlement only, the Settlement Class is preliminarily certified as follows:

> Consistent with the allegations in the First Amended Complaint, all individuals who are or have been employed by Defendant as a claims adjuster within the State of California at any time from October 20, 2013, to December 15, 2021. The term "employed by Defendant" as used in the operative complaint and here excludes individuals who worked for RYZE exclusively as Form 1099 independent contractors. The Settlement Class consists of only 25 individuals.

The Settlement Class Released Claims, any Final Approval and Judgment is valid only against the Participating Settlement Class Members and not any Settlement Class Members who validly request exclusion from the Settlement Class.

4.     For purposes of settlement only, the Court hereby appoints Plaintiff Leslie Billings as "Class Representative" pursuant to Rule 23 of the Federal Rules of Civil Procedure, and finds that, for settlement purposes only, this Class Representative has and will fairly and adequately protect the interests of the Settlement Class.

5.     For purposes of settlement only, the Court appoints the attorneys at David P. Myers, Robert M. Kitson, and Jason Hatcher of The Myers Law Group, APC as Class Counsel and finds that Class Counsel have and will fairly and adequately protect the interests of the Settlement Class.

6. The Court preliminarily finds that the Agreement is fundamentally fair, adequate, and reasonable, and that the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, for Settlement purposes, as follows:

(a) The number of members in the Settlement Class appears to be so numerous that joinder of all members is impracticable;

(b) There appear to be common questions of law and fact;

(c) The claims of the Class Representative appear to be typical of the claims of the Settlement Class;

(d) The Class Representative and Class Counsel appear to be able to fairly and adequately represent and protect the interests of the Settlement Class;

(e) The questions of law and fact common to the members of the Settlement Class appear to predominate over individual questions of law and fact; and

(f) A class action settlement appears to be superior to other methods of adjudication.

7. The Court appoints Ilym Group, Inc. as the Settlement Administrator, who shall fulfill the functions, duties, and responsibilities of the Settlement Administrator as set forth in the Agreement and this Order.

8. The Court approves the proposed forms of notice and notice plan for giving direct notice to the Settlement Class by U.S. Mail as set forth in the Agreement, Addendum, and its attached exhibits ("Notice of Class Action Settlement"). The Notice of Class Action Settlement, in form, method, and content, fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled

thereto. The Court finds that the Notice of Class Action Settlement is reasonably calculated to, under all circumstances, reasonably apprise the persons in the Settlement Class of the pendency of this action, the terms of the Agreement, the right to object to the settlement and to exclude themselves from the Settlement Class, and the process for submitting a claim for monetary relief.

9.     Pursuant to the Agreement, the Settlement Administrator shall provide individual notice via U.S. Mail to the most recent mailing address of the Settlement Class no later than **March 31, 2022**, which is ten (20) days following entry of this Order.

10.    Members of the Settlement Class may exclude themselves from the Settlement Class by advising the Settlement Administrator, pursuant to the Agreement, in writing postmarked no later than **May 2, 2022** ("Opt-Out Deadline"), which is thirty (30) days after the date notice is sent to the Settlement Class.

11.    Any Settlement Class Member who desires to object to the fairness of this settlement must submit a written objection to the Settlement Administrator, pursuant to the Agreement, in writing postmarked no later than **May 2, 2022** ("Opt-Out Deadline"), which is thirty (30) days after the date notice is sent to the Settlement Class.

12.    Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure a hearing will be held before this Court to finally determine whether the prerequisites for class certification and treatment under Rule 23(a) and (b) of the Federal Rules of Civil Procedure are met; to determine whether the settlement is fair, reasonable, and adequate, and should be approved by this Court; to determine whether the Settlement Order and Final Judgment under this settlement should be entered; to consider the application for attorneys' fees and expenses of Class Counsel; to consider the application for a service award to the class representative; to consider the distribution of the Settlement Fund pursuant to the Agreement; and to rule on any other matters that the Court may deem appropriate. At the Final

Approval Hearing, the Court may enter the Settlement Order and Final Judgment in accordance with the Agreement that will adjudicate the rights of the Settlement Class Members.

13. The Final Approval Hearing is scheduled for **June 10, 2022, at 10:00 a.m.** in Courtroom 202, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana.

14. All Final Approval motion shall be filed not later than **May 13, 2022**, this includes but is not necessarily limited to Motion for Final Approval of Class Action Settlement and Motion for Attorney's Fees, Class Representative Service Payment and Reimbursement of Costs.

15. This Action is stayed until further ordered by this Court, except such actions and proceedings that may be necessary to implement this Settlement and issue a Final Approval Order and Judgment.

16. If Final Approval does not occur, the parties shall be returned to the status quo ex ante, for all litigation purposes, as if no settlement had been negotiated or entered into and thus this Order and all other findings or stipulations regarding the settlement, including, but not limited to, certification of the Settlement Class shall be automatically void, vacated, and treated as if never filed.

17. Counsel for the parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

Date: _____      _____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana
Indianapolis Division

Distribution:

Service will be made electronically on all ECF registered counsel of record via email generated by the Court's ECF system.