UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LESLIE BILLINGS, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| *vs.* | ) | No. 1:18-cv-01767-JMS-MJD |
| | ) | |
| RYZE CLAIM SOLUTIONS, LLC, | ) | |
| | ) | |
| *Defendant*. | ) | |

## **ORDER**

On June 10, 2022, the Court held a Fairness Hearing in this matter and a hearing on Plaintiff Leslie Billings' unopposed Motion for Final Approval of Class Action Settlement, [Filing No. 193], and his unopposed Motion for Attorney's Fees, Cost Reimbursement, and Enhancement Award, [Filing No. 195]. The hearing took place via video conference. Mr. Billings was present by counsel Jason Hatcher. Defendant Ryze Claim Solutions, LLC ("Ryze") was present by counsel Christopher Murray. The Court Reporter was Jean Knepley.

The Court heard argument from counsel regarding the fairness of the class action settlement in this matter, and regarding Mr. Billings' unopposed Motion for Final Approval of Class Action Settlement and his unopposed Motion for Attorney's Fees, Cost Reimbursement, and Enhancement Award. For the reasons discussed on the record and set forth below, the Court **GRANTS** both motions.

# I.

## BACKGROUND

Mr. Billings, on behalf of himself and all others similarly situated, sets forth class claims alleging that Ryze violated various California statutes related to, among others, the payment of minimum and overtime wages and compensation for meal and rest periods.[1]

On February 16, 2022, after the parties had conducted discovery and participated in settlement conferences, the Court granted the parties' Joint Motion for Preliminary Approval of Class Action Settlement.  [Filing No. 189; Filing No. 192.]  Specifically, the Court conditionally certified the following Settlement Class:

> Consistent with the allegations in the First Amended Complaint, all individuals who are or have been employed by Defendant as a claims adjuster within the State of California at any time from October 20, 2013, to December 15, 2021.  The term "employed by Defendant" as used in the operative complaint and here excludes individuals who worked for RYZE exclusively as Form 1099 independent contractors.  The Settlement Class consists of only 25 individuals.

[Filing No. 192 at 2.]

The Settlement Agreement provides for payment of a Gross Settlement Amount of $315,000, which includes: (1) a $15,000 Service Award paid to Mr. Billings; (2) a payment of $3,000 in settlement administration costs to the Settlement Administrator; (3) attorneys' fees not to exceed $78,750 and costs not to exceed $18,000 paid to Class Counsel; and (4) a pro rata share of the remainder of the Gross Settlement Amount to participating class members.  [Filing No. 189-1; Filing No. 189-2; Filing No. 194.]

The Court preliminarily found that the Settlement Agreement resulted from arm's-length negotiations, that the Settlement Agreement is "sufficient to warrant notice of the Settlement and

---

[1] Mr. Billings also alleged claims for violations of the Fair Labor Standards Act ("FLSA"), but the Court granted summary judgment in favor of Ryze on those claims.  [Filing No. 100.]

the Final Approval Hearing to the members of the Settlement Class," and that the terms of the Settlement Agreement are "fair, reasonable, and adequate."  [Filing No. 192 at 1-2.]  The Court also preliminarily found that the settlement class met the requirements of Fed. R. Civ. P. 23. [Filing No. 192 at 3.]  The Court approved the form of notice proposed by the parties, and the procedure by which notice would be given.  [Filing No. 192 at 3-4.]

After administering the settlement, Mr. Billings filed an unopposed Motion for Final Approval of Class Action Settlement, [Filing No. 193], and an unopposed Motion for Attorney's Fees, Cost Reimbursement, and Enhancement Award, [Filing No. 195].

## II.
### DISCUSSION

Settlement of class claims brought under Fed. R. Civ. P. 23 may be approved if the Court finds the settlement to be "fair, reasonable, and adequate."  Fed. R. Civ. P. 23(e)(2).  The Seventh Circuit Court of Appeals has characterized the Court's role as that of a fiduciary to the class members in considering whether a settlement is fair and reasonable.  *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 862 (7th Cir. 2014).

On February 16, 2022, the Court conditionally certified a class for settlement purposes. [Filing No. 192.]  Mr. Billings now asks the Court to grant final approval of the settlement as set forth in the Settlement Agreement; finally certify the class for settlement purposes only; finally appoint Mr. Billings as the class representative; finally appoint his counsel as class counsel; grant the request for attorneys' fees to class counsel in the amount of $78,750.00; award reimbursement of litigation expenses to class counsel in the amount of $14,935.35; grant a service award to Mr. Billings in the amount of $15,000.00; and grant $3,000 in settlement administration costs to the Settlement Administrator.  [Filing No. 193; Filing No. 195.]

### A. Class Certification

In order to certify a class, the Court must find that the putative class satisfies the four prerequisites set forth in Federal Rule of Civil Procedure 23(a). If the putative class does satisfy these prerequisites, the Court must additionally find that it satisfies the requirements set forth in Federal Rule of Civil Procedure 23(b), which vary depending upon which of three different types of classes is proposed.

#### 1. *Rule 23(a) Analysis*

Mr. Billings argues that his class meets all four requirements of Rule 23(a). The Supreme Court has instructed that the district court must perform a "rigorous analysis" to determine whether the prerequisites of Rule 23(a) have been satisfied because "'actual, not presumed, conformance with Rule 23(a) remains…indispensable.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011) (quoting *Gen. Tel. Co.*, 457 U.S. at 160). It is the plaintiff's burden to prove first that an identifiable class exists that merits certification under Federal Rule of Civil Procedure 23(a). *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). The four prerequisites under Rule 23(a) are: "(1) [that] the class is so numerous that joinder of all its members is impracticable; (2) [that] there are questions of law or fact common to the class; (3) [that] the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Class certification is not appropriate unless the named plaintiff establishes all four prerequisites. *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 156 (1982).

##### a. Numerosity

First, the Court finds that Mr. Billings has met the numerosity requirement. Fed. R. Civ. P. 23(a)(1). The parties agree that the class consists of 25 members, which is sufficient to satisfy

Mr. Billings' burden of showing that the class is so numerous that joinder of all members would be impracticable.

### b.   Common Questions of Law and Fact

Second, the Court finds that there are questions of law or fact common to the class.  Fed. R. Civ. P. 23(a)(2).  Commonality is satisfied when there is a "common nucleus of operative fact," that is, a "common question which is at the heart of [the] case."  *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992) (citation omitted).  All questions of fact or law need not be identical; rather the requirement is satisfied as long as the class claims arise out of the same legal or remedial theory.  *In re Ready-Mixed Concrete Antitrust Litig.*, 261 F.R.D. 154, 167 (S.D. Ind. 2009).  Here, the common question is whether Ryze violated various California statutes by misclassifying claims adjusters; failing to pay overtime and double time premiums; failing to adopt a  policy regarding, to provide, and to pay for meal and rest periods; and failing to pay for certain business expenses. The Class members' claims are the same, and their injuries are likely the same as well.

### c.   Typicality

Third, the Court finds that Mr. Billings' claims are typical of the claims of the class.  Fed. R. Civ. P. 23(a)(3).  The commonality and typicality requirements tend to merge because both "serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence."  *Gen. Tel. Co.*, 457 U.S. at 158 n.13.  Although typicality may exist even if there are factual distinctions between the claims of the named plaintiff and other class members, the requirement "directs the district court to focus on whether the named representatives' claims have the same essential characteristics as the claims of the class at large."  *Muro v. Target Corp.*, 580

F.3d 485, 492 (7th Cir. 2009) (citation omitted).  Mr. Billings has the same claims as the class

members here – violations of various California labor statutes.

d.  <u>Adequacy of Representation</u>

Fourth, the Court finds that Mr. Billings and his counsel will adequately represent the

interests of the class.  Fed. R. Civ. P. 23(a)(4).  The adequacy inquiry is composed of two parts:

"the adequacy of the named plaintiff's counsel, and the adequacy of representation provided in

protecting the different, separate, and distinct interest[s] of the class members."  *Retired Chicago*

*Police Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993) (citation and quotation marks

omitted).  To adequately represent the class, the representative plaintiff "must be part of the class

and possess the same interest and suffer the same injury as the class members."  *Amchem Prods.,*

*Inc. v. Windsor*, 521 U.S. 591, 625 (1997) (citation and quotation marks omitted).  The Court finds

the requirement of adequacy of representation is met.  Mr. Billings has sufficiently demonstrated

that he shares the same interests and suffered the same injuries as the injuries suffered by the

putative class members.  Mr. Billings has also demonstrated that his counsel is competent, and has

extensive experience with previous class actions of this type.

Mr. Billings has met the four prerequisites of Rule 23(a) – the class is so numerous that

joinder of all its members is impracticable, there are questions of law or fact common to the class,

the claims or defenses of the representative parties are typical of the claims or defenses of the class,

and the representative parties will fairly and adequately protect the interests of the class.

2.  *Rule 23(b) Analysis*

Finally, the Court finds that Mr. Billings has met the requirements of Rule 23(b)(3).  Under

Rule 23(b)(3), a class action may be maintained if the prerequisites of Rule 23(a) are satisfied and

if the Court finds that the questions of law or fact common to class members predominate over any

6

questions affecting individual class members, and that a class action is superior to other available methods of adjudicating the controversy.  Courts consider:

> (A)The class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).  "'Considerable overlap exists between Rule 23(a)(2)'s commonality prerequisite and Rule 23(b)(3).  Rule 23(a)(2) requires that common issues exist; Rule 23(b)(3) requires that they predominate.'"  *Mejdreck v. Lockformer Co.*, 2002 WL 1838141, *6 (N.D. Ill. 2002) (quoting *Demitropoulos v. Bank One Milwaukee, N.A.*, 915 F.Supp. 1399, 1419 (N.D. Ill. 1996)).

Having already found that Mr. Billings has satisfied the commonality prerequisite of Rule 23(a)(2), the Court concludes that the common questions in this case predominate over any individual questions because the class members' claims are based upon the same legal theories, and resolution of one class member's claim will resolve the claims of all class members.

## B.  Fairness of Settlement Agreement and Appropriateness of Attorneys' Fees, Costs, and Service Awards

### 1.  *Settlement Amount*

After reviewing the Settlement Agreement and information presented regarding the administration of the settlement, and considering the information presented by counsel at the hearing, the Court finds that the settlement in this matter was reached in good faith and at arm's length, and is a reasonable compromise of the vigorously disputed issues in this case.  Specifically, the Court notes the following:

- Mr. Billings' counsel was diligent and used all reasonable efforts in attempting to locate class members, and notice was effectuated by United States Mail;

- The total settlement amount paid was the result of extensive negotiations between the parties;

- The settlement amount adequately reflects both the strengths and weaknesses of the parties' positions, including strengths and weaknesses in connection with class certification issues;

- Significant discovery took place leading up to the settlement; and

- No class members objected to the settlement or opted out of the settlement.

### 2. Attorneys' Fees and Costs

As for the amount of attorneys' fees and costs requested, the Seventh Circuit Court of Appeals has instructed district courts that the "ratio that is relevant to assessing the reasonableness of the attorneys' fee that the parties agreed to is the ratio of (1) the fee to (2) the fee plus what the class members received." *Redman v. RadioShack*, 768 F.3d 622, 630 (7th Cir. 2014). The amount class members received does not include administrative and notice costs. *Id.*

Here, the total settlement amount paid into the fund for distribution to the class is $315,000. After subtracting attorneys' fees requested ($78,750), litigation costs ($14,935.35), the service award paid to Mr. Billings ($15,000), and the settlement administration costs paid to the Settlement Administrator ($3,000), the resulting amount is $203,314.65. The ratio of the fee requested by Mr. Billings' counsel ($78,750) to the fee plus what the class members would receive ($78,750 + $203,314.65 = $282,064.65) is 27.92%. The Court finds that a ratio of 27.05% – representing the percentage of the total settlement value that the attorneys' fee request comprises – is reasonable. *See, e.g., Amadeck v. Capital One Fin. Corp. (In re Capital One Tel. Consumer Prot. Act Litig.)*, 80 F.Supp.3d 781, 804 (N.D. Ill. 2015) (finding after an extensive and instructive discussion that attorneys' fees reflecting 30% of the award to class members when the award is less than $10 million is reasonable).

### 3.   *Service Award to Named Plaintiff*

The Court further finds that a service award of $15,000 to Mr. Billings is reasonable.   By all accounts, Mr. Billings was involved in the litigation – meeting with counsel and sitting for depositions.   The $15,000 award is well within the reasonable range in this type of case.   *See, e.g.*, *Cook v. Neidert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (affirming service award of $25,000 to named plaintiff).   Additionally, Mr. Billings' participation resulted in a favorable settlement for class members.   *Id.* ("In deciding whether [a service award] is warranted, relevant factors include the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation").

Based on the foregoing, the Court finds that $78,750 in attorneys' fees, $14,935.35 in costs, a $15,000 service award to Mr. Billings for serving as the class representative, and a $3,000 payment to the Service Administrator are reasonable taking into account the circumstances of the case and the relevant ratio.

### III.
### CONCLUSION

In sum, the Court **GRANTS** Mr. Billings' unopposed Motion for Final Approval of Class Action Settlement, [193], and unopposed Motion for Attorney's Fees, Cost Reimbursement, and Enhancement Award, [195], to the extent that the Court:

- **FINALLY APPROVES** the Settlement Agreement;

- **FINALLY CERTIFIES** the class defined above;

- **APPOINTS** Mr. Billings as class representative;

- **APPOINTS** David P. Myers, Robert M. Kitson, and Jason Hatcher of The Myers Law Groups, APC as class counsel; and

- **AWARDS** $78,750 in attorneys' fees and $14,935.35 in costs, a service award of $15,000 to Mr. Billings, and $3,000 in settlement administration costs to the Settlement Administrator, all to be paid from the $315,000 settlement fund.

This matter is **DISMISSED WITH PREJUDICE** and without fees, costs or disbursements to any party, except as provided in the Settlement Agreement and this Order as to Plaintiff's counsel's fees and costs, the service award to Mr. Billings, and the settlement administration costs to the Settlement Administrator.  Final judgment shall enter accordingly.

Date: 6/10/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**